## El Pueblo *v.* García.

### Apelación procedente de la Corte de Distrito de Arecibo·

No. 86. Resuelto en noviembre 28, 1905.

Falsificación.—Elemento esencial.—Circulación de monedas falsas.—Es elemento esencial del delito de falsificación, *la intención* del agente *de defraudar* á una persona, *tratando de hacer circular una moneda, sabiendo que dicha moneda es falsa.*

Id.—Acusación.—Es muy dudoso que las palabras *"la cual moneda maliciosa y criminalmente puso en circulación, defraudando así á Julio Castaing,"* usadas en una acusación, puedan entenderse en el sentido de envolver una alegación al efecto de que el acusado *tuvo la intención de defraudar* á dicho Castaing, pero aún en el caso de que así fuera, tales palabras tienen una acepción demasiado general para excusar la necesidad de imputar al acusado *el conocimiento de que tal moneda fuera falsa,* y faltando esta alegación en la acusación, hay que declararla esencialmente defectuosa.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Ramón Donato García fué declarado culpable por la Corte de Distrito de Arecibo del delito de falsificación, cuyo delito, según se alega en la acusación, consiste de

haber pasado fraudulentamente una moneda falsificada á
Julio Castaing. El acusado fué juzgado y condenado á
tres años de presidio con trabajos forzados, y al pago de
las costas.

Se celebró el juicio en esta corte el día 22 de noviembre
de 1905, sin que el demandado tuviera abogado defensor.
La acusación presentada en esta causa á la letra dice:

"En el nombre y por la autoridad de El Pueblo de Puerto Rico.
—Estados Unidos de América.—El Presidente de los E.E. U.U. S.S.
—El Pueblo de Puerto Rico.—Contra Ramón Donato García.—Fiscalía.—No. 82.—En la Corte de Distrito de Arecibo á ocho de
junio de mil novecientos cinco.—El Fiscal formula acusación contra
Ramón Donato García, por el delito de falsificación (*felony*) cometido como sigue: En Utuado, del Distrito Judicial del Distrito de
Arecibo, allá por el 14 de mayo último, el acusado Ramón Donato
García, tenía en su poder una moneda imitando las de plata de
una peseta y el cuño de las de los E.E. U.U. de Norte América,
que tienen circulación en esta Isla, la que maliciosa y criminalmente
puso en circulación y defraudando así á Julio Castaing. Este hecho es contrario á la ley para tal caso prevista, y á la paz y dignidad de "El Pueblo de Puerto Rico." Pedro de Aldrey, Fiscal del
Distrito. La acusación que antecede está basada en el testimonio
de testigos examinados bajo juramento, por el Juez Instructor, creyendo solemnemente que existe justa causa para presentarla al Tribunal. Pedro de Aldrey, Fiscal del Distrito.—Jurado y firmado ante mí, hoy día ocho de Junio de 1905.—E. Fernández Vanga, Secretario del Tribunal de Distrito."

Aparece que la acusación fué formulada de acuerdo
con la sección 420 del Código Penal, la que dice así:

"Incurrirá en falsificación toda persona que falsificare cualquiera
moneda acuñada de oro ó plata, corriente en Puerto Rico, ó cualquiera especie de oro en polvo, oro ó plata en pasta, barras, masas,
grano ó pepitas, ó que vendiere, pasare ó diere en pago tal oro ó
plata falsificada, ó permitiere, hiciere ó consiguiere que se venda,
circule, ó pase, con el propósito de defraudar á cualquiera persona,
sabiendo que dicha moneda, pasta, polvo ó pepita de oro ó plata
es una falsificación."

De esta sección resulta claro que uno de los elementos

esenciales del delito es "el propósito de defraudar á cualquiera persona sabiendo que dicha moneda es una falsificación." Es muy dudoso si el propósito de defraudar se ha alegado de manera suficiente en la acusación, mediante el uso de las palabras, "la que maliciosa y criminalmente puso en circulación y defraudando así á Julio Castaing." Aún concediendo que el uso de las palabras "maliciosa y criminalmente" podría cumplir con los requisitos de la ley con respecto al propósito criminal, sin embargo, dichas palabras no excusan de la necesidad de alegar que el demandado sabía que la moneda era falsificada. Las palabras "maliciosa y criminalmente" son de sentido demasiado general para hacer innecesario acusar al procesado de tal conocimiento. *Unites States* v. *Carll,* relatado en 105 U. S. en la página 611 de dicho tomo, es un caso aplicable.

En dicha causa se presentó en la corte de circuito una acusación fundada en la sección 5431 de los estatutos revisados, por la que queda prescrito que, "toda persona que, con propósito de defraudar, pasare, pusiere en circulación, publicare ó vendiere cualquiera garantía ú otra obligación de los Estados Unidos, falsificada, alterada, ó falsamente hecha, será castigada con una multa que no exceda de cinco mil dollars, y por prisión con trabajos forzados, cuyo término máximo será quince años."

En cada uno de los cargos formulados en la acusación se alegó que el procesado, en cierto tiempo y sitio "malvadamente" y con el propósito de defraudar al Banco de la Metrópoli, cuyo Banco es una corporación organizada con arreglo á las leyes del Estado de Nueva York, pasó, puso en circulación, y públicó contra dicho Banco de la Metrópoli, una obligación y garantía de los Estados Unidos, falsamente hecha, falsificada, y alterada (el contenido de cuya garantía se reprodujo en la acusación) contra la paz y contrario al texto de la ley.

. Se verá que la acusación se formula en las mismas palabras de la ley. No obstante, el juez señor Gray, al emitir el dictámen de la corte, dijo: "que el conocimiento de que el instrumento era falsificado" era necesario para constituir el delito. También se verá que en la acusación en aquel caso, se usaron las palabras "malvadamente" y con el propósito de "defraudar" y "falsamente". La American & English Enciclopedia of Law, tomo 4, página 340, expresa la misma doctrina.

En el presente caso nuestras propias leyes prescriben que uno de los elementos esenciales del delito es el conocimiento de la falsificación. Por lo tanto, en el presente caso debemos resolver que la acusación no es buena, y como la sentencia de la corte inferior fué fundada en una acusación fatalmente defectuosa, debe ser revocada.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y MacLeary.