EL PUEBLO, DEMANDANTE Y APELADO, *v.* VÁZQUEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª, en causa por infracción del artículo 288 del Código Penal.

No. 806.—Resuelto en mayo 17, 1915.

CASAS DE LENOCINIO—ACUSACIÓN—ARRENDAMIENTO DE CASAS PARA LA PROSTITUCIÓN—CONOCIMIENTO DEL DELITO.—Es insuficiente una acusación por un delito de infracción del artículo 288 del Código Penal, cuando no se alega que el acusado sabía que la casa iba a ser dedicada a citas deshonestas o a la prostitución. La mera alegación de que la casa se dedicaba a fines deshonestos alquilando el acusado las habitaciones a mujeres entregadas a la prostitución no es equivalente.

DELITO—ELEMENTO MENTAL—ALEGACIONES.—Si en un caso determinado falta el elemento mental de cualquiera conducta que se alegue que constituye delito, dicho delito no se comete. Véase *El Pueblo* v. *Ferrari,* 15 D. P. R., 813.

CASAS DE LENOCINIO—CONOCIMIENTO DEL DELITO—DEFENSA.—Aun cuando en un proceso por infracción del artículo 288 del Código Penal la prueba tienda

a demostrar el conocimiento del delito por parte del acusado, si éste no ha sido oído sobre ese extremo, no puede ser condenado sin antes tener una oportunidad de defenderse de esa imputación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco del Valle, Jr.*

Abogado del Pueblo: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta causa gira sobre una acusación que es como sigue:

"En la Corte de Distrito de San Juan, a 22 de enero de 1914. El Fiscal formula acusación contra Francisco Vázquez B. por un delito de infracción al artículo 288 del Código Penal, *misdemeanor*, cometido como sigue: El citado Francisco Vázquez B. allá el día 20 de enero de 1914, en la ciudad de San Juan que forma parte del distrito judicial del mismo nombre, tenía arrendada la casa No. 5 de la calle del Mercado, de la propiedad de Luis Garófalo, la que era dedicada a citas deshonestas, arrendando las habitaciones a mujeres dedicadas a la prostitución. Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad del Pueblo de Puerto Rico."

El artículo 288 al cual se ha hecho referencia es como sigue:

"Artículo 288.—Toda persona que tuviere establecida una casa escandalosa o dedicada a citas deshonestas, o una casa de recreo en la cual habitualmente se perturbare la tranquilidad, bienestar o decoro del inmediato vecindario, o mesón en que se promovieren desórdenes constantemente; o que arrendare cualquier habitación o casa de vecindad, sabiendo que va a dedicarse a citas deshonestas o a la prostitución, será reo de *misdemeanor*."

No existe alegación alguna en esta acusación de que Vázquez alquilara las habitaciones sabiendo que eran dedicadas a citas deshonestas o a la prostitución. La mera alegación de que la casa se dedicaba a fines de prostitución alquilando Vázquez las habitaciones a mujeres entregadas a la prostitución no es equivalente a una alegación de conocimiento por parte de Vázquez. De acuerdo con el artículo 288 es indispensable que se alegue el conocimiento.

En el caso de *United States* v. *Carll,* 105 U. S., 611, la corte resolvió que cuando el conocimiento era un elemento esencial del delito, el dejar de alegar dicho conocimiento hacía defectuosa la acusación. Al considerar este tribunal hechos casi idénticos a los de ese caso, declaró en el de *El Pueblo* v. *García,* 9 D. P. R., 434, después de estudiar las autoridades, que era defectuosa una acusación por falsificación de moneda en la cual no se alegaba que el acusado sabía que la moneda puesta en circulación era falsa. En el caso de *El Pueblo* v. *Ferraris,* 15 D. P. R., 813, se resolvió al citar la opinión del Juez Sr. Stephens, que si en un caso determinado falta el elemento mental de cualquier conducta que se alegue que constituye delito, dicho delito no se cometía. Véase asimismo a 14 Cyc., 491, y 22 Cyc., 327 y páginas siguientes.

La prueba de este caso tiende a establecer que el acusado conocía la reputación de la casa. No se formuló ninguna objeción a la acusación en la corte inferior. Pero siendo substancial el error no quedó subsanado por el veredicto o la sentencia. Véase el caso de *Territory* v. *Cortez,* 103 Pac., 265, donde se cita el de *United States* v. *Carll, supra,* y otros casos.

Aunque a primera vista puede parecer fuerte que deba revocarse una sentencia cuando la prueba tendía a mostrar el conocimiento del delito por parte del acusado, es evidente, sin embargo, que el acusado jamás ha sido oído en lo que respecta a la cuestión de si tenía él conocimiento o no del carácter ilícito de la casa. En el presente caso quizás las partes todas fueron a juicio sin ningún conocimiento de que se imputaba al acusado el delito de alquilar habitaciones a sabiendas de que iban a ser dedicadas a fines de prostitución. Sea como fuere, cierto es que el acusado no fué informado por la acusación de que en ésta se alegaba que él tenía conocimiento criminal del delito y no debió habérsele condenado sin que tuviera oportunidad de defenderse de esa imputación. El estatuto es claro y debe ser fácil a los Fiscales observ-

varlo cuando se quiere obtener una condena.    Debe revocarse
la sentencia apelada.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados del Toro, Aldrey y Hutchison.