EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SANTIAGO RODRÍGUEZ, acusado y apelante.

No. 3492.—*Sometido:* Diciembre 7, 1928. *Resuelto:* Febrero 25, 1929.

*Felipe Colón Díaz,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El Fiscal del Distrito de Ponce formuló acusación contra

Santiago Rodríguez por el delito de falsificación, cometido en la siguiente forma:

"El referido acusado Santiago Rodríguez, allá en o por el día 12 de marzo de 1927, y en la municipalidad de Ponce, Puerto Rico, que forma parte del Distrito Judicial del mismo nombre, con intención de defraudar a Domingo Martínez, dueño de una casa radicada en esta ciudad, que quería alquilar y alquiló el acusado, ilegal, voluntaria, maliciosa y criminalmente falsificó la firma de Miguel Álvarez en un contrato de fianza que le exigió Domingo Martínez para garantizar los alquileres de la casa antes mencionada, obteniendo por medio de dicha falsificación, vivir un mes en dicha casa, sin pagar alquiler."

Negó la acusación el acusado. Se celebró el juicio. El jurado rindió un veredicto de culpabilidad y la corte dictó sentencia condenando al acusado a sufrir un año de presidio, sin costas.

No conforme Rodríguez, apeló para ante este tribunal señalando en su alegato tres errores cometidos a su juicio por la corte (a) al declarar sin lugar la excepción de que la acusación no imputaba la comisión de un delito público y (b) al desestimar su moción de *nonsuit*, y por el jurado al rendir su veredicto en contra de las pruebas y la ley.

Argumentando el primer error sostiene el apelante que su excepción perentoria de que la acusación no le imputaba la comisión de un delito público, debió prosperar porque en la acusación "no se alega que el acusado *falsamente* hiciera pasar el documento de fianza como genuino y verdadero y a sabiendas de que el mismo era falsificado."

Examinando la acusación a la luz de la ley y de la jurisprudencia, creemos que no tiene razón el apelante.

Es cierto que en la acusación no se alega por medio de las exactas palabras lo que indica el apelante, pero es cierto también que alegándose como se alega que el acusado *falsificó* la fianza que le exigió el dueño de la casa para alquilársela y obtuvo por ese medio vivir la dicha casa, implícitamente se alega que el acusado a sabiendas de que la fianza era falsa, puesto que él mismo la falsificó, la pasó como

genuina, ya que como tal tuvo necesariamente que presentarla al dueño para que éste la aceptara. La intención de defraudar no sólo se alega expresamente, si que de los hechos imputados aparece que se convirtió en realidad. El acusado a virtud de la fianza exigida por el dueño y falsificada por él logró vivir un mes la casa.

El caso de *El Pueblo* v. *García,* 9 D.P.R. 434 invocado por el apelante, no es aplicable. En él era necesario alegar expresamente que el acusado sabía que la moneda era falsa, porque no se imputaba al acusado el hecho de haberla falsificado sino el de haberla pasado defraudando a otra persona.

Los errores segundo y tercero pueden y deben estudiarse conjuntamente. Ambos se refieren a la alegada insuficiencia de la prueba.

Cuando el fiscal terminó su caso, el acusado presentó una moción de *nonsuit*. La corte la declaró sin lugar. Sostiene el acusado que erró y en su consecuencia que erró también el jurado al rendir su veredicto de culpable.

En apoyo de su contención alega el apelante que el fiscal no aportó evidencia alguna para demostrar que el acusado *falsificó* la fianza, y en tal virtud que la prueba era claramente insuficiente.

La prueba consistió en la fianza que el acusado entregó personalmente al administrador de la casa que alquilara y en las declaraciones de Rodolfo G. Fernández, Domingo Martínez y Miguel Alvarez.

El primero declaró que conoce al acusado y a Domingo Martínez de quien es apoderado; que el acusado fué a alquilarle una casa de su poderdante; que le exigió una fianza; que el acusado le propuso a Quiterio Rodríguez y fué a verlo y Rodríguez se negó indicándole que el acusado estaba colocado con él y que podía pasar a cobrar todos los meses a su tienda; que esa garantía no le satisfizo; que el acusado entonces le propuso como fiador a Miguel Alvarez; que lo aceptó por ser Alvarez persona solvente y le entregó el

blanco para que lo firmara el Sr. Alvarez; que el acusado al día siguiente le trajo la fianza firmada y le entregó la llave de la casa; que el acusado no le pagó el alquiler y fué donde el fiador y éste le dijo que la firma que aparecía en la fianza no era suya; que demandó entonces al fiador y la corte declaró sin lugar la demanda porque Alvarez no tenía responsabilidad por no haber firmado. Contestando a repreguntas del acusado declaró que no vió firmar a Alvarez; que el acusado "le trajo la fianza como que era de don Miguel Alvarez."

Domingo Martínez dijo que Fernández es su administrador; que conoce al acusado y sabe que su administrador le alquiló una de sus casas; que el acusado no le pagó ni tenía que pagarle a él personalmente los arrendamientos.

Miguel Alvarez, por último, depuso, que conoce al acusado; que allá por el 12 de marzo 1927, le fué a pedir que lo fiara para alquilar una casa y el testigo se negó porque ya había tenido que pagar otras fianzas. Se le presenta la fianza que aparece firmada con su nombre y dice que la firma no es suya ni autorizó a persona alguna a firmar el documento.

Esa fué, en resumen, toda la prueba practicada.

De ella surge que el acusado presentó como genuino el documento sabiendo que era falso, con ánimo de defraudar como defraudó al dueño de la casa. Y ello es bastante.

En el caso de El *Pueblo* v. *Rodríguez,* 3 D.P.R. 292, 296, segunda edición, dijo esta corte por medio de su Juez Asociado Sr. McLeary:

"Los hechos demuestran claramente que se ha cometido el delito, e indican, con bastante seguridad, que el acusado fué el autor. Si él mismo no falsificó el documento, es decir, si él no es el autor material del delito de falsificación, cometió el delito equivalente, de presentar el documento falsificado, a sabiendas de que no era legítimo, con el objeto de eludir el pago de una deuda justa."

*Debe confirmarse la sentencia apelada.*