EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EMILIO RODRÍGUEZ, acusado y apelante.

No. 4599.—*Sometido:* Diciembre 8, 1931. *Resuelto:* Enero 15, 1932.

A. *Ramírez Silva,* abogado del apelante; *E. Díaz Viera, Fiscal Auxiliar,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Una denuncia en que se alega en efecto que el acusado ·tenía una máquina automática (*slot machine*) en la cual al depositar dinero una o varias personas podían obtener una suma mayor que la depositada y que varias personas, nombrando a una de ellas, probaban su suerte en tal máquina, suficientemente expone un juego de lotería conforme lo describe el Artículo 291 del Código Penal y lo castiga el Artículo 292 del mismo Código. La denuncia en este caso ha sido prácticamente copiada de una acusación similar considerada por esta corte en el caso de *El Pueblo* v. *Torres,* 40 D.P.R. 253, en el que este tribunal resolvió que la acusación era suficiente. No podemos convenir con el apelante en que la denuncia no imputa hechos constitutivos de un juego de lotería.

La Ley No. 83 de 1931, que es una ley de contribuciones, impuso un arbitrio al uso de máquinas automáticas de la naturaleza descrita en la denuncia, así como una contribución a la importación de las mismas en Puerto Rico. El apelante sostiene que esta ley de la Legislatura fué un reconocimiento del derecho del ciudadano a montar y usar dichas máquinas. El peso de las autoridades es que el imponer contribuciones a artefactos castigados por la ley penal no deroga la ley penal a menos que tal intención sea claramente indicada por la Legislatura. *Blaufield* v. *State,* 103 Tenn. 593, 53 S. W. 1090, y casos; *Palmer* v. *State,* 88 Ten. 553, 13 S. W. 233; 16 C. J. 69, sec. 33 *et seq.;* 12 R.C.L. 711.

*La sentencia debe ser confirmada.*