El Pueblo de Puerto Rico, demandante y apelado, v. Alberto Vidal, acusado y apelante.

No. 5979.—*Sometido:* Marzo 6, 1936. *Resuelto:* Marzo 31, 1936.

*Leopoldo Tormes García,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El aquí apelante fué acusado de infringir los artículos 291 y 292 del Código Penal. Más específicamente, se le acusó de haber preparado y establecido una lotería llamada "Gran Concurso Miss Borinquen" que era un plan para la distri-

bución de dinero por suerte entre los compradores de ciertos billetes numerados, quienes serían premiados si sus números correspondían a los desinsaculados en la lotería de Santo Domingo. La denuncia también aducía que llevaba a cabo dicho plan mediante la venta de los referidos billetes por conducto de agentes y vendedores. Presentada excepción perentoria, la Corte de Distrito de Ponce resolvió que la denuncia era suficiente. Al declararse sin lugar la excepción, el acusado se declaró culpable de los hechos imputados en la denuncia.

Se señalan dos errores, siendo importante únicamente el primero de ellos, o sea, que la denuncia era insuficiente toda vez que sólo alegaba que la venta de los billetes se realizaba por medio de ciertos agentes o vendedores. La contención es que era necesario designar por lo menos uno de los agentes o vendedores, y se citan el caso de *El Pueblo* v. *Rodríguez,* 43 D.P.R. 11 y los artículos 22 y 23 del Código de Enjuiciamiento Criminal.

██ El caso de Rodríguez, supra, meramente resolvió que cierta denuncia que imputaba a una persona el tener una máquina "traganíquel" y que incidentalmente mencionaba el nombre de una de las personas que había jugado en ella, en el curso de una amplia descripción de las circunstancias, era suficiente. No decide la cuestión aquí envuelta, o implícita, de que la ausencia del nombre de un agente habría hecho la denuncia insuficiente.

Los artículos 291 y 292 del Código Penal leen:

"Artículo 291.—Se entiende por lotería, para los efectos de este código, cualquier plan para la disposición o distribución de dinero o bienes por suerte, entre personas que hayan pagado o prometido pagar cualquier precio o compensación por correr la aventura de obtener dichos objetos o parte de ellos, o cualquiera acción o interés en los mismos, en virtud de algún acuerdo, inteligencia, o esperanza de que habrán de distribuirse por suerte, llámese lotería, rifa, empresa de regalos o por cualquier otro nombre.

"Artículo 292.—Toda persona que inventare, preparare, estableciere o jugare cualquier lotería, será reo de '*misdemeanor.*' "

Puesto que la denuncia siguió substancialmente el estatuto, la misma es buena, conforme se desprende claramente de nuestra opinión, especialmente en reconsideración, en *El Pueblo* v. *Pagán,* ante, p. 436. Nada hay en los artículos 22 y 23 del Código de Enjuiciamiento Criminal que exija mayores particulares que los contenidos en la denuncia que tenemos ante nos.

*Debe confirmarse la sentencia apelada.*

Los Jueces Asociados Sres. Córdova Dávila y Travieso no intervinieron.