## FORTSON INVESTMENT CO. v. OKLAHOMA CITY.

No. 26336.   Feb. 23, 1937.

Rehearing Denied March 23, 1937.

Wm. H. Lewis, A. C. Hough, and S. J. Gordon, for plaintiff in error.

Harlan Deupree, Municipal Councelor, and A. P. Van Meter, Asst. Municipal Counselor, for defendant in error.

HURST, J.   This is an action by Fortson Investment Company to cancel a deed covering about 2½ acres of land which it had granted to Oklahoma City on October 22, 1930, or, in the alternative, to recover the market value of the property conveyed. The deed was executed under the following circumstances: Plaintiff was the owner of about 45 acres of unplatted land adjacent to Oklahoma City. Plaintiff wished to plat this tract into lots and blocks and create a new addition called "Meadowbrook Addition," but in order to do so it was necessary to have the plat approved by the regional planning commission as provided in sections 6158 to 6164, O. S. 1931. These sections authorize the city to create a "Regional Planning Commission," whose jurisdiction extends three miles outside the city limits, with the duty to prepare plans for the systematic development of the property within its district. The act provides that all plans and plats for new additions shall be first submitted to the commission for approval before they are entitled to be recorded with the county clerk. The act further provides a penalty for its violation.

Pursuant to this act the Oklahoma City regional planning commission was created and promulgated a rule that in all new additions, in addition to the streets and alleys, 5 per cent. of the gross area must be deeded to the city for public purposes. The rule required a warranty deed to such property, free from incumbrance, dedicating same "for public purposes only." The deed in question covers 5 per cent. of plaintiff's tract, and after its execution, said plat was approved and recorded, and numerous lots sold in the new addition. This action was filed on January 10, 1934. The case was tried to the court without a jury, and judgment rendered for defendant.

Plaintiff brings this appeal on the ground that this was an unconstitutional taking of private property for public use, without payment of just compensation, thus depriving him of his property without due process of law, in violation of section 7, art. 2, Okla. Const. On the other hand, defendant contends that this was not a "taking" by the city, but rather, was a voluntary dedication or grant of the property in question, and sets out eight independent propositions in its brief which, it claims, bars plaintiff's recovery.

The first contention of the defendant is that the deed was a dedication for park purposes, and when lots were sold in the new addition to persons who relied thereon,

the law considers it in the nature of an estoppel in pais, precluding plaintiff from revoking such dedication. However, plaintiff insists that the deed is void, and the dedication could not become complete under any theory of estoppel. Plaintiff cites the following authorities holding that the doctrine of estoppel cannot be used to give validity to an otherwise void instrument: 10 R. C. L. 108; Colby v. Title Insurance & Trust Co. (1911, Cal.) 117 P. 913; Rice v. McCarthy (1925, Cal.) 239 P. 56; Reed et ux. v. Johnson et ux. (1901, Wash.) 67 P. 381. But the city acquired the property by an unqualified warranty deed. The conveyance was not by order of the Legislature, or the regional planning commission. The deed does not refer to the rules of the commission or to sections of the statute. Plaintiff had the power to make the conveyance, and the city had the power to accept it. Section 6350, O. S. 1931; sec. 5, art. 1, charter of city of Oklahoma City. The deed on its face was not illegal or against public policy. The record shows no official act of the regional planning commission refusing to approve plaintiff's plat. He did not bring a mandamus action and was not compelled by authority of statute or rule of the commission to execute the deed. The lower court, in rendering judgment for defendant, found that the deed was a voluntary dedication to the public, and we cannot say that this finding is against the clear weight of the evidence. Therefore it will not be disturbed. Melton v. Whitney (1933) 164 Okla. 220, 23 P. (2d) 660. Therefore we hold that the giving of the deed in the instant case did not constitute an unconstitutional "taking" of plaintiff's property within the meaning of the eminent domain statutes, and is not void. The question here is not whether the rule of the commission is a proper police regulation, but rather, even if it is invalid, would its use by the city, in convincing plaintiff that he should make a deed, constitute such menace, duress, or undue influence as to warrant cancellation of the instrument? A deed procured by menace, duress, or undue influence is voidable at most, and not void, so the defense of estoppel can be raised. Meyer v. Barde (1924, Ore.) 228 P. 121. The cases relied on by plaintiff, above cited, only pertain to contracts void as against public policy. We do not infer that the rule of the planning commission is invalid. We are not required to pass on that question to decide this case.

But in this connection, plaintiff further contends that the city cannot assert estoppel, inasmuch as it only operates in favor of the purchasers of the lots, and none of them are parties to this suit. There is a definite split of authority on this subject. According to the great majority of the jurisdictions, a dedication of land for public use effected by platting and the sale of lots with reference thereto is a completed and irrevocable dedication. The view taken by many courts is that the purchase of lots is in effect an acceptance by the public, and that the purchase of a single lot is sufficient to perfect the dedication. On the other hand, the minority rule is that the sale of lots with reference to the dedication does not make it irrevocable as between the vendor and the public, but is binding only as between the grantor and the purchasers of the lots, who must themselves raise the question. 18 C. J. 119-120; 8 R. C. L. 913-914. The cases of City of Norfolk v. Nottingham (Va.) 30 S. E. 445, and Smith v. King County (Wash.) 141 P. 695, relied on by plaintiff, express the view of those two states, which are with the minority group. These cases are so referred to by the text-writers. But Oklahoma follows the majority view. Kee v. Satterfield (1915) 46 Okla. 660, 149 P. 243; Revard v. Hunt (1911) 29 Okla. 835, 119 P. 589. The Oklahoma cases relied on by plaintiff for this proposition do not deal with dedication. Therefore the city, holding title to the property for the benefit of the public, may raise this question, even though it is the only party defendant in the action. With this view of the case, the testimony of the various parties who purchased lots in the addition, regarding the representations of plaintiff, was properly admitted. Also, the claim of plaintiff that the court erred in refusing to admit certain written contracts with the purchasers of the lots stipulating that no representations would be binding on plaintiff, is without merit under our view. Such a provision could not affect the perfecting of the dedication.

It clearly appears from the record that a great number of the purchasers of lots in this addition were told by plaintiff that the land in question was deeded to the city for park purposes, and the purchasers relied on these representations. There is ample testimony that its proposed location was shown them on a map in plaintiff's office and that this induced them to make their purchases. Since they had actual notice, it is immaterial that the park was not indicated on the recorded plat. The dedication, under these circumstances, has become complete and is irrevocable. City of Cincinnati v. Lessee of White (1832) 6 Pet. (31 U. S.) 431,

8 L. Ed. 452; Revard v. Hunt, supra; Hampton v. Oklahoma City (1932) 161 Okla. 175, 18 P. (2d) 518; Kee v. Satterfield, supra; 8 R. C. L. 914; 18 C. J. 119.

The nonuser of the land in question, or the fact that no improvements have been made thereon by the city, does not defeat its right to rely on the irrevocability of the dedication. 18 C. J. 73, 89; Hampton v. Oklahoma City, supra.

This disposes of all the contentions made by the plaintiff in error, and it is not necessary to discuss the remaining propositions advanced by the city. The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. BUSBY, J., absent.