EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RENÉ DÍAZ BREIJO, acusado y apelante.

*Número:* CR-66-432    *Resuelto:* 18 de marzo de 1969

---

*Ramón Rivera Valentín* y *José Rafael Gelpí*, abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El fiscal formuló contra el apelante la siguiente acusación:

"El fiscal formula acusación contra René Díaz Breijo residente en Calle Morel Campos # 421, Barrio Obrero, Santurce, Puerto Rico, por una Infracción al Artículo 423 del Código Penal de Puerto Rico (Felony) cometida de la manera siguiente:

El referido acusado: René Díaz Breijo, allá en o por el día 20 de octubre de 1964 y en San Juan, P.R., que forma parte de la jurisdicción del Tribunal Superior de Puerto Rico, Sala de San Juan, P.R., ilegal, voluntaria y maliciosamente y con la intención criminal tenía en su poder y dominio material e instrumentos que se utilizan para falsificar dólares, moneda del curso legal de los Estados Unidos de América."

Luego de celebrársele un juicio ante jurado fue declarado culpable y sentenciado a cumplir de 3 a 8 años de presidio.

En este recurso el apelante señala la comisión de varios errores. En uno de ellos apunta que los hechos alegados en la acusación no constituyen delito, entre otras razones, porque no se alega que el acusado, *a sabiendas,* tenía en su posesión material e instrumentos utilizados en la falsificación de dólares. (Énfasis nuestro.)

El Art. 423 del Código Penal (33 L.P.R.A. sec. 1651) dispone:

"§ 423. —POSESIÓN DE INSTRUMENTOS PARA FALSIFICAR.

"Toda persona que hiciere, o a sabiendas tuviere en su poder algún cuño, plancha o cualquier aparato, papel, metal, máquina,

u otra cosa, utilizada en la falsificación de moneda acuñada de curso legal en Puerto Rico, o en falsificar oro en polvo, oro o plata en barras, pasta, grano o pepita, o en falsificar billetes o documentos de crédito, será castigada con pena de presidio por uno a quince años; destruyéndose todos los cuños, planchas, aparatos y todo papel, metal o máquina, empleados en dicha falsificación." (1) .

Hemos visto que en la acusación no se alega que el acusado *a sabiendas* tenía en su posesión los materiales utilizados en la falsificación.

■ En ocasiones anteriores hemos sostenido, y es ésa la doctrina imperante, que cuando el conocimiento es un ingrediente esencial del delito es necesario alegar en la acusación tal conocimiento. *Pueblo* v. *Vázquez*, 22 D.P.R. 455 (1915); 4 Wharton, *Criminal Law and Procedure*, § 1774; 20 C.J.S., Sec. 29, pág. 136. (2) El Procurador General sostiene que la omisión en la acusación de la alegación de "a sabiendas", queda subsanada con la alegación de que la posesión de los materiales fue voluntaria, maliciosa y con intención criminal.

■ En *Pueblo* v. *García*, 9 D.P.R. 434 (1905), dijimos: "Aun concediendo que el uso de las palabras 'maliciosa y criminalmente' podría cumplir con los requisitos de la ley

(1) En su texto en inglés que es el que prevalece, dicho artículo lee así:

"§ 423. —Having in Possession Tools for Counterfeiting.

Every person who makes, or knowingly has in his possession any die, plate, or any apparatus, paper, metal, machine, or other thing whatever, made use of in counterfeiting coins current in Puerto Rico, or in counterfeiting gold-dust, gold or silver bars, bullion, lumps, pieces, or nuggets, or in counterfeiting bank notes or bills, is punishable by imprisonment in the penitentiary not less than one nor more than fifteen years; and all such dies, plates, apparatus, paper, metal, or machine, intended for the purpose aforesaid, must be destroyed."

Aunque existen discrepancias entre uno y otro texto por razón de su traducción del inglés al español, ambos textos son iguales en cuanto al elemento de "a sabiendas".

(2) No hay duda de que la prueba demostró que el acusado-apelante tenía conocimiento criminal del delito.

con respecto al propósito criminal, sin embargo, dichas palabras no excusan de la necesidad de alegar que el demandado sabía que la moneda era falsificada. Las palabras 'maliciosa y criminalmente' son de sentido demasiado general para hacer innecesario acusar al procesado de tal conocimiento. *United States* v. *Carll*, relatado en 105 U.S. en la página 611 de dicho tomo, es un caso aplicable."

En el caso de *People* v. *White*, 34 Cal. 183, citado por el Procurador General, contrario a lo que ocurre en este caso, se alegó en la acusación el conocimiento (*knowingly*). Se resolvió en dicho caso que para justificar una convicción bajo aquella acusación, debía haber prueba tanto de la intención criminal como de la posesión a sabiendas. Dicho caso no sostiene, por tanto, el argumento del apelado.

No constituyendo delito los hechos alegados en la acusación, *la sentencia apelada debe ser revocada y en su lugar dictarse otra ordenando la desestimación de dicha acusación.*

El Juez Asociado Señor Pérez Pimentel radicó un voto concurrente, con el cual están conformes los Jueces Asociados Señores Hernández Matos y Santana Becerra. El Juez Asociado Señor Rigau radicó una opinión disidente, con la cual concurren los Jueces Asociados Señores Ramírez Bages y Torres Rigual.

—O—

Opinión disidente del Juez Asociado Señor Rigau con la cual concurren los Jueces Asociados Señores Ramírez Bages y Torres Rigual.

San Juan, Puerto Rico, a 18 de marzo de 1969

Lamento verme obligado a disentir. En este caso se acusó al apelante de una violación al Art. 423 del Código Penal, (1) el cual declara delito público el que una persona "a sabiendas tuviere en su poder algún cuño, plancha o cualquier aparato,

---

(1) 33 L.P.R.A. sec. 1651.

papel, metal, máquina, u otra cosa, utilizada en la falsificación" de monedas, billetes y documentos de crédito. La prueba fue robusta y un jurado declaró culpable al acusado.

La prueba demostró que en una habitación de un hotel de San Juan el acusado hizo una demostración ante un grupo de personas de cómo él podía convertir billetes de $1.00 en billetes de $100.00. Mediante un proceso químico el acusado traspuso la tinta y el grabado de un billete de $1.00 a un pedazo de papel y luego de descolorar completamente un billete de $1.00 pasó la imagen del billete de $100.00 al billete de $1.00. Como resultado de esta operación quedaron dos billetes de $100.00 cada uno. El acusado les explicó a los que con él estaban que "el negocio que les proponía era un negocio bueno, el cual podría hacer mucho dinero." Solicitó de los que allí estaban que aportasen dinero.

Entre los materiales e instrumentos utilizados en la falsificación se encontraban: moldes, una plancha eléctrica, unas latas, dos rollos de madera, pedazos de plomo, una placa pequeña con una numeración, unas pinzas, 4 tubos de cristal, algodón y gasa.

La opinión del Tribunal revoca la sentencia porque en la acusación no se dijo que el acusado poseía esos materiales "a sabiendas". Pero a él se le acusó de que "voluntaria y maliciosamente y con la intención criminal tenía en su poder y dominio material e instrumentos que se utilizan para falsificar dólares, moneda del curso legal de los Estados Unidos de América." Esto es, en la acusación se expresó que poseyó dichos materiales "que se utilizan para falsificar dólares, moneda de curso legal" y que los poseyó *"voluntaria y maliciosamente y con la intención criminal."* (Énfasis nuestro.) Como puede verse, lo que en esencia se plantea es si estas últimas palabras son equivalentes a decir que el acusado poseía esos materiales que se utilizan para falsificar dólares "a sabiendas".

El citado Art. 423 del Código Penal no exige ambas cosas; esto es, no exige que la posesión sea "a sabiendas" y que además sea "voluntaria, maliciosa y con intención criminal." Como es natural, el artículo solamente exige la intención criminal una sola vez y no dos veces. Como se sabe, la acusación no tiene que reproducir la letra del estatuto *verbatim*. Las propias Reglas de Procedimiento Criminal disponen que la acusación "no tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear otras que tuvieren el mismo significado." Bastará "una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común." (2)

Esto es así porque, como es sabido, la acusación es la notificación que del cargo se hace al acusado; es la información al acusado de los hechos que se le imputan para que pueda defenderse. (3) Si a un acusado se le informa, mediante la acusación, que se le acusa de haber cometido unos hechos "voluntaria y maliciosamente y con intención criminal" eso equivale a decirle que fue "a sabiendas". Realmente, eso implica aún más que meramente "a sabiendas". El acusado ha sido informado y puede defenderse. El elemento esencial del delito en cuestión—que se cometió a sabiendas, esto es, con conocimiento de lo que se hacía y no meramente por equivocación o inadvertencia—quedó cubierto en la acusación y no se violó el debido proceso de ley. (4)

Si la acusación meramente acusase al apelante de que poseyó los referidos materiales y no hubiese dicho nada más, entonces sería correcto afirmar que no aducía hechos constitutivos de delito porque el Art. 423 exige la intención criminal

---

(2) Regla 35 (c) ; *Pueblo* v. *Seda*, 82 D.P.R. 719 (1961) ; *Pueblo* v. *Vidal*, 49 D.P.R. 761 (1936).

(3) En inglés se llama *"information"*.

(4) Más adelante expongo lo que la jurisprudencia ha establecido sobre esto.

al poseer esos materiales. Pero la acusación le imputó poseerlos "voluntaria y maliciosamente y con intención criminal." Lo que sostengo es que, como no hay que calcar la letra de la ley en la acusación, esa intención criminal que exige el Art. 423 lo mismo puede imputarse usando las palabras "a sabiendas" que usando las palabras "voluntaria y maliciosamente y con la intención criminal." Lo necesario no es cumplir mecánicamente con una fórmula ritual sino que es informar al acusado de que se le acusa de haber poseído esos materiales con intención criminal y eso se logra igualmente mediante las palabras "a sabiendas" como mediante las palabras "voluntaria y maliciosamente y con intención criminal." (5)

Así lo ha resuelto,. en casos iguales y parecidos al de autos, la jurisprudencia mayoritaria. Por ejemplo, en *People v. Calvert*, 269 Pac. 969, un caso de California de donde procede nuestro Código Penal, los apelantes alegaron—igual que en el caso de autos—que la acusación no aducía hechos constitutivos de delito porque no contenía las palabras "a sabiendas" (*"knowingly"*). Sin embargo el tribunal encontró que la acusación, aunque no decía "a sabiendas," contenía otras palabras tales como "voluntariamente" y "criminalmente" las cuales informaban al acusado de que se le acusaba de haber cometido unos hechos a propósito y no por error o inadvertidamente.

Más tarde, la jurisprudencia ratifica ese razonamiento. Así en otro caso, resuelto en California también, se dice: "Actuar a sabiendas quiere decir actuar voluntariamente y a propósito y no por error o inadvertencia, o inocentemente." (6)

---

(5) "The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal."— Cardozo, *The Nature of the Judicial Process*, pág. 100.

(6) "To act 'knowingly' means to act voluntarily and purposely, and not because of mistake or inadvertence or other innocent reason." *United States v. Schneiderman*, 102 F.Supp. 87, 93 (1951). V. también para más casos a 23A *Words and Phrases* 451 (1967).

El caso de autos es más claro aún que aquel de *Calvert* antes citado pues en el nuestro se le informó al acusado que había cometido los hechos voluntariamente, maliciosamente y con intención criminal. Esas palabras son aún más explícitas que las usadas en la acusación en *Calvert*. En *Calvert*, como he indicado y por las razones que expuse, se sostuvo la suficiencia de la acusación.

En *People* v. *Loeper*, otro caso posterior a los dos antes citados, también resuelto en California, se sostuvo que aunque no se usaron las palabras "a sabiendas" (*"knowingly"*) en la acusación, la misma era suficiente pues se utilizaron en ella palabras equivalentes. Dijo el Tribunal:

"An information which charges that a person 'willfully and unlawfully' performed an act is equivalent to alleging that he *knowingly* did so, and thus supplies the element of knowledge of the unlawful act where that element is necessary to be alleged in the pleading." *People* v. *Loeper*, 334 P.2d 93, 95 (1959).

Ese es el tenor casi universal de la jurisprudencia sobre este punto. ¿Por qué? Sencillamente porque—como bien lo expresa nuestra Regla 35 de Procedimiento Criminal—lo que la acusación deberá contener es "una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común." . . . "Dicha exposición no tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear otras que tuvieren el mismo significado."

Dicho en otras palabras, como se dijo en *Medrano* v. *United States*, 285 F.2d 23, 26 (1960), *cert.* denegado 366 U.S. 968 (1961): "La suficiencia de la acusación es una cuestión que debe determinarse a base de consideraciones prácticas y no técnicas." (Citas omitidas.)

En palabras de otro tribunal "Formal words are unnecessary where the allegations necessarily or fairly import guilty

knowledge. . . ." *United States* v. *Okin*, 154 F.Supp. 553, 555 (1955); *Rumely* v. *United States*, 293 F. 532, *certiorari* denegado 263 U.S. 713; *Nickell* v. *United States*, 161 F. 702, *certiorari* denegado 214 U.S. 517; *United States* v. *Amorosa*, 167 F.2d 596, 598.

Estimo que no es necesario elaborar más el asunto pero consignaré a continuación algunas otras expresiones judiciales sobre el mismo.

"[T]he allegation that one 'willfully' committed an act is the same as that he 'knowingly' committed the act." *Lamb* v. *State*, 293 P.2d 624, 630.

En *People* v. *Gazulis*, 212 N.Y.S.2d 910, 914 (1961):

"The information before this court alleges that the defendant acted, among other things, 'willfully.' That allegation sufficiently charges that he acted knowingly and intentionally."

En *Standard Oil Co.* v. *United States*, 307 F.2d 120 (1962) en donde la convicción fue revocada por otras razones, el Tribunal federal de Apelaciones tuvo la precaución de aclarar, a la pág. 130, que revocaba pero no porque en la acusación faltasen las palabras "a sabiendas" (*"knowingly"*) como alegaban los apelantes. [7]

Y en *Wheatley* v. *United States*, 159 F.2d 599 en donde también se impugnó la suficiencia de la acusación porque no contenía la palabra *knowingly*, el tribunal se expresó, a la pág. 600, como sigue:

"The indictment is somewhat informal in character and does not carefully follow the words of the statute. . . . It is true that the indictment does not charge that the defendant *knowingly* transported his victim, but the allegation that the defendant unlawfully seized and kidnapped Wilson and transported him from one state to the other necessarily implies that he had the knowledge which is an essential element of the offense, and this we think is sufficient." (Citas omitidas.)

---

[7] "We sustain the defendant's attack, not because the word 'knowingly' or a specific synonym of it is absent from the indictment."

En otro caso, *People* v. *Odom*, 66 P.2d 206, 209, el tribunal dijo:

"An information which charges that a person 'willfully and unlawfully' performed an act is equivalent to alleging that he knowingly did so, and thus supplies the element of knowledge of the unlawful act where that element is necessary to be alleged in the pleading."

Creo que en su opinión el Tribunal yerra al creer que al informarse al apelante en el caso de autos que cometió unos hechos *voluntaria y maliciosamente y con intención criminal* no se le imputó el conocimiento de que lo hacía a sabiendas y de que no lo hizo por error o inadvertencia. Creo que la acusación informó adecuadamente al apelante de lo que se le acusaba.

—o—

Voto Concurrente del Juez Asociado Señor Pérez Pimentel, con el cual están conformes los Jueces Asociados Señores Hernández Matos y Santana Becerra

San Juan, Puerto Rico, a 18 de marzo de 1969

He concurrido con la Opinión *Per Curiam* emitida en este caso por los fundamentos expuestos en la misma y por los adicionales que expondré más adelante.

Se ha emitido una opinión disidente por el compañero Juez Asociado Señor Rigau en la que se afirma lo siguiente: La opinión del Tribunal revoca la sentencia porque en la acusación no se dijo que el acusado poseía esos materiales "a sabiendas". Pero en la acusación se dijo que el acusado los poseyó *"voluntaria, y maliciosamente y con intención criminal"*. Como puede verse, lo que se plantea es si estas últimas palabras son equivalentes a decir que el acusado poseía esos materiales "a sabiendas".

Con el debido respeto al criterio del compañero Juez me parece que esa no es la cuestión que se plantea. Si se alega

que el acusado posee los materiales voluntaria y maliciosamente y con intención criminal, no hay duda de que se le imputa la posesión a sabiendas, o sea, que él no ignoraba que poseía esos materiales. Lo que no se alega en la acusación, y que es lo que la hace deficiente, es que el acusado poseía esos materiales, a sabiendas de que se podían utilizar para los fines prohibidos por la ley. Por ejemplo, si en una acusación por infracción al Art. 438 del Código Penal se imputa a "A" que con intención de lucrarse, voluntaria y maliciosamente y con intención criminal compró a "B" un revólver que había sido hurtado a "C", la acusación sería insuficiente porque uno de los ingredientes esenciales del delito imputado es el de que el acusado compró dicho revólver sabiendo que había sido hurtado a "C"; y ese elemento falta en la acusación. Preguntamos, ¿Está incluido ese elemento en las palabras "voluntaria y maliciosamente y con intención criminal"? Es obvio que no. El acto voluntario, malicioso y con intención criminal, puede aplicarse al propósito de lucro del acusado y aún siendo así, ello no constituye el delito prescrito en el Art. 438 del Código Penal o puede aplicarse a otro propósito como el de comprar el revólver con la malicia y la intención criminal de utilizarlo en la comisión de un delito de asesinato. Cuando el conocimiento (a sabiendas) específico de un hecho, es un elemento esencial del delito, ese conocimiento tiene que alegarse en la acusación bien usando las palabras del estatuto u otras palabras que impliquen lo mismo. En la acusación no hay que calcar las palabras del estatuto y eso es bien sabido pero también es sabido que los elementos esenciales de todo delito deben ser alegados en la acusación y no precisamente con palabras generales que dejen de incluir uno de esos elementos. La acusación es la notificación del cargo que se hace al acusado, la información de los hechos que se le imputan para que se defienda que a su vez es un requisito ineludible del debido procedimiento de ley. De ahí que se hayan adoptado normas sobre los elementos que deben

alegarse, no importa el lenguaje que se use, si éste expresa esos elementos.

Se citan en la opinión disidente varios casos resueltos en la jurisdicción federal para sostener la teoría de que no es necesario que se sigan en la acusación las palabras literales del estatuto. Eso está fuera de discusión. Véanse Regla 35 de Procedimiento Criminal; *Pueblo* v. *Miranda Matta,* 88 D.P.R. 802 (1963) ; *Pueblo* v. *Trinidad Fernández,* 93 D.P.R. 897 (1967).

La opinión disidente me da la impresión de que la cuestión sobre la suficiencia de la acusación, se resuelve a base de la prueba cuyo resumen se hace al principio de dicha opinión.

Si se hubiera alegado en la acusación que el acusado fabricó billetes falsos con los susodichos materiales, no hay duda de que se le imputaría al acusado conocimiento de que los materiales en su poder se utilizaban para fabricar billetes falsos porque si se imputa la fabricación de billetes falsos con esos instrumentos o material, se le está imputando que sabía que se utilizaban para la fabricación de billetes falsos. Pero eso se obtiene de la prueba y no de las alegaciones de la acusación.

En el caso de *Wheatley* v. *United States,* 159 F.2d 299, la acusación no contenía la alegación de "a sabiendas" que era un elemento esencial del delito. Se sostuvo la suficiencia de la acusación porque se alegaba que el acusado ilegalmente secuestró y retuvo a Denzil Wilson con el propósito de obligar a éste a que suministrara al acusado transportación de West Virginia a Ohio y transportó a dicho Denzil Wilson de West Virginia a Ohio. Eso necesariamente implicaba el elemento de "a sabiendas" ya que se alegó que el acusado *transportó* a Wilson de un estado a otro.

En los casos citados en el de *Wheatley,* supra, se sostiene que aunque la palabra "voluntariamente" sea un elemento esencial del delito, su omisión en la acusación no hace que

ésta sea defectuosa, si los hechos alegados necesariamente implican voluntariedad. No discutimos la corrección de esa regla.

Hay otros casos que tocan en alguna forma el punto en discusión. Los analizaremos.

*People* v. *Odon*, 66 P.2d 206, parece ser el caso principal que sostiene la doctrina de que hacer una cosa "voluntariamente", es hacerla "a sabiendas". Se trataba en dicho caso de una acusación por violación a la Ley de Automóviles consistente en que habiendo el acusado arrollado con su automóvil a una persona, no se detuvo para prestarle auxilio. En la acusación se alegó que el acusado voluntaria e ilegalmente (*willfully and unlawfully*) conducía un vehículo de motor por una carretera pública y dejó de detener dicho vehículo al ocurrir un accidente que causó lesiones y la muerte a otra persona, y de prestarle la asistencia requerida por ley.

Se alegó que la acusación era insuficiente porque no alegaba específicamente que el acusado sabía que su automóvil había arrollado al interfecto. Se dijo que alegar que el acusado condujo su automóvil en forma tal que causó lesiones y la muerte a otra persona, en efecto se está alegando que él a sabiendas condujo en forma tal que ocasionó lesiones o muerte de la persona arrollada.

Se citan en este caso de *Odon*, los de *People* v. *Calvert*, 269 Pac. 969, el que a su vez cita el de *People* v. *Sheldon*, 9 Pac. 457, al efecto de que "hacer una cosa voluntariamente es hacerla por designio con determinado propósito", y el de *People* v. *Swiggy*, 232 Pac. 174, al efecto de que "hacer una cosa voluntariamente, es hacerla a sabiendas". Este concepto se trae a su vez del caso de *Fry* v. *Hubaer*, 57 Pac. 420.

En el caso de *Fry* no estaba envuelta una acusación criminal. Se trataba de una acción civil de daños fundada en que el demandado pastó sus ovejas en terrenos del demandante. Se sostuvo que la demanda no aducía hechos, y en el curso de la opinión, se dice que la palabra "voluntariamente"

(*"willfully"*) es equivalente a "a sabiendas" (*"knowingly"*). Ni se citan autoridades ni se analizan las situaciones en que esa afirmación puede ser correcta, como efectivamente lo es en determinadas ocasiones pero no en todas como veremos más adelante.

*People* v. *Loeper*, 334 P.2d 93. En este caso no se atacó la suficiencia de la acusación. Se impugnaba la corrección de una instrucción trasmitida al jurado sobre lo que constituía la intención y el conocimiento. Se dijo que un elemento esencial del delito imputado al acusado (venta de narcótico) era la intención; que el intento de hacer algo prohibido constituía la intención criminal y que para ser culpable de un delito, la ley requería que la conducta intentada o incurrida debía ajustarse a la descripción del delito y que el acusado debía incurrir en tal conducta voluntariamente con conocimiento de ello. Se cita como autoridad el caso de *Odon*, ya comentado, y el de *Swiggy*. Se sostuvo la corrección de las instrucciones porque al jurado en efecto se le dijo que si el acusado había vendido una substancia sin saber que era un narcótico, no podía ser convicto.

*People* v. *Agnew*, 176 P.2d 724. Lo que se discutía era si la omisión en la acusación de la palabra "voluntariamente (*willfully*)", luego agregada por enmienda, la hacía insuficiente. Se trataba de una acusación por perjurio cometido al jurarse una demanda de *injunction*. En lo único pertinente al punto aquí en discusión, se dijo en dicho caso así: "El conocimiento del apelante de la falsedad de sus cargos [se había alegado ese conocimiento en la acusación] y su deliberación al hacer el affidavit están ambos implícitos en la palabra 'voluntariamente' (*willfully*) usada en la acusación y puede asumirse del hecho de que el apelante compareció ante un funcionario y solemnemente juró la demanda." Y como autoridad se cita a continuación el caso de *Leonard* v. *Superior Court*, 48 P.2d 687. En este último caso se dice que el acusado había actuado "voluntariamente" (*willfully*)

porque así se infería de los hechos alegados en el sentido de que el acusado "hizo y obtuvo que se hiciera el informe en cuestión; y que ellos obtuvieron que se radicara en la oficina del comisionado después que lo juraron."

*Lamb* v. *State*, 293 P.2d 624. Este es un caso de abandono de menores. Se dice en él que la alegación de que uno voluntariamente cometió un acto es lo mismo que decir que a sabiendas cometió dicho acto. Como autoridad se cita a *Bohannon* v. *State*, 271 P.2d 739, otro caso de abandono de menores. Se repite que "a sabiendas" (*knowingly*) y "voluntariamente" (*willfully*) tienen el mismo significado a los fines del estatuto de abandono de menores. Se apoya en el caso de *Hutchman* v. *State*, 66 P.2d 96, el que a su vez cita como autoridad *Word & Phrases*, Vol. 8 (First Series). En una de las definiciones que contiene esta obra se dice que en el lenguaje común "voluntariamente" (*willfully*) se usa en el mismo sentido que "a sabiendas" (*knowingly*) para distinguirlo de accidental o involuntario. Esta serie de definiciones se basan en casos, muchos de los cuales hemos analizado.

En *United States* v. *Okin*, 154 F.Supp. 553, se acusó de hacer un documento falso y de conspiración. En la acusación se usó la palabra "a sabiendas" (*knowingly*). No se usó la palabra "voluntariamente" (*willfully*). Se dijo que los hechos expuestos alegaban "intención culposa" (*guilty intent*). *Finn* v. *United States*, 256 F.2d 304. Un Reglamento disponía: "Ninguna persona, mientras esté en el aeropuerto o en sus edificios deberá usar lenguaje profano o vulgar." Había otro estatuto que disponía: "Cualquier persona que a sabiendas y voluntariamente viole las Reglas o Reglamentos autorizados por esta ley, etc., será culpable de *misdemeanor*." En la acusación se alegó que el acusado "ilegalmente, sin justa causa o excusa, y en forma desordenada y estentórea usó lenguaje profano." Se resuelve que este lenguaje equivale a

decir que el acusado realizó el acto en el sentido intentado por el estatuto, o sea, "a sabiendas y voluntariamente".

En *Rumely* v. *United States*, 293 Fed. 532, se resuelve que cuando el término *"willfully"*, forma parte de la definición estatutaria del delito, no puede omitirse dicho término en la acusación pero que si los hechos alegados necesariamente implican *"willfullness"*, la omisión de dicho término en la acusación no la hace defectuosa. Se dijo en dicho caso, además, que para la adecuada protección de los derechos de un acusado, debe declararse la invalidez de la acusación a menos que claramente y con exactitud exponga el delito imputado.

En *Nickell* v. *United States*, 161 Fed. 702, la acusación por conspiración para inducir a ciertas personas cometer perjurio, contenía la frase "a sabiendas" aunque no la palabra "voluntariamente". En la acusación se usaron las frases, "ilegal, voluntaria y corruptamente". El tribunal, sin considerar si esas frases se aplicaban a las alegaciones subsiguientes de la acusación, resolvió que los hechos alegados necesariamente implican "voluntariedad". Se alegaba, aunque con otras palabras, que los acusados habían actuado voluntariamente.

En *United States* v. *Amorosa*, 167 F.2d 596, se trataba de una acusación de hurto de mercadería en el comercio interestatal. Se alegó que la acusación era defectuosa porque no se alegaba que los actos imputados habían sido cometidos *"feloniously"* y *"knowingly"*. Se sostuvo la suficiencia de la acusación porque el estatuto no contenía tales frase en la definición del delito.

No cuestionamos que conforme al texto de una acusación el uso de la palabra voluntariamente puede equivaler "a sabiendas" o al revés. Todo depende de los hechos que se hayan alegado y de las disposiciones del estatuto penal creando el delito.

Daremos un sencillo ejemplo. Si se dice que una persona voluntariamente abordó en San Juan un taxi para trasladarse

a Río Piedras, no hay duda de que esa persona a sabiendas abordó ese taxi. Si el estatuto castigara el acto de utilizar los servicios de un taxi, a sabiendas que dicho vehículo no tiene la licencia de la Comisión de Servicio Público, sería insuficiente una acusación que sólo dijera que el acusado voluntariamente utilizó los servicios de ese taxi para trasladarse de San Juan a Río Piedras. Lo que la ley castigaría sería que el acusado usara ese taxi sabiendo que no tiene licencia. El uso de la palabra "voluntariamente" no podría sustituir la frase "a sabiendas". Esto es así porque si el acusado no tiene conocimiento de que el taxi no tenía licencia, no incurriría en delito.

En la mayoría de los casos analizados, los propios hechos relatados en la acusación daban base para inferir necesariamente que el acusado había actuado "a sabiendas" cuando éste era un elemento esencial del delito, aunque no se alegara con esas mismas palabras.

Si en el presente caso se hubiera alegado en la acusación que el acusado falsificó billetes con los materiales e instrumentos que tenía en su posesión, no hay duda de que de ese hecho se infería que él tenía conocimiento de que dichos materiales e instrumentos se utilizaban en la falsificación de billetes, pero no se alegó así.

Concluyo que a mi juicio, según se expone en la opinión *Per Curiam*, los hechos imputados en la acusación no constituyen delito.