## UNITED STATES v. MOORE et al.
### No. 13220.

United States Court of Appeals
Fifth Circuit.

Nov. 8, 1950.

Fred Botts, Asst. U. S. Atty., Miami, Fla. James M. McInerney, Asst. Atty. Gen., Washington, D. C., for appellant.

Vincent C. Giblin, Miami, Fla., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

What is in question here is the validity against a demurrer of an indictment, charging defendants in twenty counts with violations of Sec. 80, 18 U.S.C.A.[1]

The first count charged that in a matter within the jurisdiction of the Wage and Hour Division of the United States Department of Labor, during the course of an inspection of their business, duly authorized under the Fair Labor Standards Act of 1938, Title 29, U.S.C.A. § 201 et seq., to determine compliance with the act, the defendants "knowingly and willfully falsified and concealed and covered up by trick, scheme and device, material facts", to-wit: as to the wages, hours, and other work conditions of one Mollie C. Reubert, "whereby the said defendants and each of them concealed and covered up a material fact, to-wit: the true basis of employment of Mollie C. Reubert, the same being in a matter within the jurisdiction of the Wage and Hour Division of the United States Department of Labor aforesaid."

Each of the other counts was, except as to the name of the particular employee affected, identical with the first count. The defendant demurred to the indictment and moved to quash and dismiss it and all the counts on the ground that they, and each of them, failed to charge an offense in that they did not allege that the defendants were, as to the matters dealt with in each count of the indictment, engaged in interstate commerce or were otherwise subject to, or came within the coverage of, the Fair Labor Standards Act.

The district judge, of the opinion that the demurrer and motion to quash were well founded,[2] dismissed the indictment, and the United States has appealed.

Here the primary insistence of the United States is: that it was not necessary for the indictment to allege or for the United States to prove that defendants were engaged in interstate commerce or otherwise subject to, or within the coverage of, the Fair Labor Standards Act; that it was sufficient to allege and prove that the statements complained of were made to the Wage and Hour Division while it was making a preliminary investigation, as a representative of the Administrator, to determine the question of coverage under, and of violations of, the Act.

1. The portions of Sec. 80 pertinent here provide: " * * * whoever shall knowingly and willfully falsify or conceal or cover up by any trick, scheme, or device a material fact, or make or cause to be made any false or fraudulent statements or representations, or make or use or cause to be made or used any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry in any matter within the jurisdiction of any department or agency of the United States * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both." [see 1948 Revised Criminal Code, 18 U.S.C.A. § 1001].

2. He said: "Under this indictment the defendants could be prosecuted and yet the business conducted by Virgil C. Moore under the trade name and style of Service Management Company not be covered by the Fair Labor Standards Act of 1938 as set out in the indictment. The investigators may investigate both as to coverage and probable violation at the same time, but in a criminal prosecution the written investigation must be germane to and pertinent to an industry covered by the Act. It is not sufficient to contemplate that coverage may be proven at the trial. Coverage should be alleged in the indictment."

Its secondary point is that, if wrong in this and it was necessary for it to allege and prove that defendants were subject to the Act, the allegations of the indictment sufficiently charge this to withstand the demurrer and motion to dismiss.

■ We are in no doubt that appellant's primary position is untenable. We agree fully with the district judge that the statements charged to have been "material" would have been material only if appellee was subject to the Act, and that since the statute makes "materiality" an essential ingredient of the offense, the making of the statements, though false, would not constitute an offense unless defendants were subject to the Act.

■ Further, the statute in the plainest kind of terms covers only false and fictitious statements made "in any matter within the jurisdiction of any department or agency of the United States", and thus carries on its face a complete refutation of the contention of the government that an inquiry made by an agency for the purpose of determining whether it has jurisdiction is, within the invoked statute, a matter within the jurisdiction of the agency.

In addition, if further support for this view were needed, such support is amply supplied by Sec. 202 of the Act, "Congressional finding and declaration of policy",[3] and in Sec. 203, "Definitions" in which, in subd. (a) and again in subd. (b), the Act is limited to "Commerce" as therein defined as meaning "trade, commerce, transportation, transmission or communication among the several states or from any state to any place outside thereof."

■ The fact of which the government makes so much, that Sec. 211 of the Act authorizes preliminary investigations and inspections of records and that the courts[4]

have compelled defendants to comply with subpoenas duces tecum for the inspection of books and records without requiring the administrator to first establish coverage, that is that the business investigated is subject to the Fair Labor Standards Act, and, therefore, to the jurisdiction of the Wage and Hour Division of the Department, is completely without significance.

This is made clear by: the precise language of subdivision (b) of Sec. 202, declaring the policy of sections 201 to 219 of this title to be "through the exercise by Congress of its power to regulate commerce among the several States * * *"; by the language of Sec. 211 (a) of the Act precisely limiting the jurisdiction of the Administrator to conditions and practices in any industry subject to these same sections; and by the precise limitations of par. (c) requiring "*every employer subject to any provision of sections 201-219 of this title or of any order issued under said sections*" to "make, keep, and preserve such records * * * and" to "make such reports" as the Administrator "shall prescribe". (Emphasis supplied).

All of the decisions rendered under the Act make it clear that in making these preliminary investigations the Administrator is not exercising the jurisdiction conferred by the Act. He is only using the subpoena powers of the courts for the purpose of aiding him to determine whether those under investigation are within the jurisdiction conferred by the Act.

His jurisdiction as to particular persons or corporations is exercised only when and after making this preliminary inquiry, and determining that he has such jurisdiction, he issues some order, or makes some requirement, or proceeds in some way, to enforce, as against those subject to the Act, the jurisdiction which congress has given him to exercise.

---

3. "(b) It is declared to be the policy of sections 201–219 of this title, through the exercise by Congress of its power to regulate commerce among the several States, to correct and as rapidly as practicable to eliminate the conditions above referred to in such industries without substantially curtailing employment or earning power."

4. Walling v. American Corp., 2 Cir., 135 F.2d 1003; Holloway Gravel Co. v. McComb, 5 Cir., 174 F.2d 421; Miss. Road Supply Co. v. Walling, 5 Cir., 136 F.2d 391; McComb v. Hunsaker Trucking Co., 5 Cir., 171 F.2d 523.

It must be kept in mind that the question for our decision here is not whether congress could have provided that false statements made in connection with preliminary investigations such as went on here would constitute an offense punishable as severely as this act provides though the persons charged were not subject to its provisions. The question is whether or not congress has so provided, and we think it quite plain that it has not in anywise attempted to do so.

■ Under familiar canons of construction a penal act of the harshness and rigor of this one,—a harshness and rigor so great that, as the revisers point out in the notes to the Code as amended in 1948, the punishment was deliberately reduced from ten to five years—the statute will not be stretched beyond, it will be strictly confined within, the fair meaning of its terms.

We are, therefore, not impressed with the argument of the government that the congress which was without power or jurisdiction to bring persons under the act unless they were engaged in "commerce" as used therein, intended to and did bring every citizen within the act for the purpose of inflicting extreme and heavy penalties on him because of false answers to questions which, because he was not, and could not be made, subject to the act, could not have adduced material answers.[5]

That Section 80 was not intended to have the meaning here claimed for it is made even clearer when its nature, genesis and history are considered and it is found to be an act dealing generally with the protection of the government against fraudulent claims, bills, and demands. None of its provisions purport to or do have to do with exploratory searches as here made for the purpose of determining whether an agency has jurisdiction. All of them have to do with actual dealings with government agencies whose jurisdiction in respect to the matters dealt with is not in question but is recognized and clear.

This view gains added force when, in contrast to the severe penalties of Section 80, under which this indictment was brought, Sections 215 and 216 (a), enacted to deal with a violation by employers subject to the provisions of Sections 201 to 219 of the Fair Labor Standards Act, are considered. Clause (5) of Sec. 215(a) makes specific provision against violation of the provisions of sec. 211(c) by making false statements, while Sec. 216(a) of the Act fixes the penalty for making such false statements at "a fine * * * or to imprisonment for not more than six months, or both", and further provides that "no person shall be imprisoned under this subsection except for an offense".

In the course of the argument, some discussion was had upon whether in view of the very much lighter penalty imposed under Section 216(a), for making false statements, it should not be held that Section 80, under which the indictment was brought, has, as to false statements made "in connection with matters subject to the jurisdiction of the Wage and Hour Administrator, been impliedly repealed by Sections 215 and 216(a), so that as to false statements these are the only applicable statutes, and the indictment under Section 80 falls.

This question was not, however, raised or determined below, nor has it been presented to us in such fashion as to require its decision. We do not decide it. We refer to this discussion only to re-emphasize the untenableness of the claim of the government that congress intended to impose a higher penalty upon those not subject to the act who make false statements in the course of an inquiry as to whether they are subject to it than it does on those subject to the act who make them.

■ Finally, however, though we agree with the district judge that allegation and proof that the defendants were subject to the act is essential, we yet agree with the United States on its second point that the indictment, charging as it does both that the matters concealed and falsely represented were material and that they were matters within the jurisprudence of the Wage and Hour Division of the Department of

5. Cf. Jones v. Securities & Exchange Comm., 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015.

Labor, was sufficient on its face to charge a violation of the act.

If, therefore, on the trial it is proved that the statements charged were made and were material and that they were made with regard to a matter within the jurisdiction of the Administrator, acting in this case through his designated representative, the Wage and Hour Division, that is that the defendants were, as to the employees named or some of them, under the coverage of the Act and subject to its jurisdiction, the indictment and proof would sustain a conviction. The judgment dismissing the indictment is, therefore, reversed and the cause is remanded for further proceedings in accordance herewith.