**ROLLAND v. UNITED STATES.**

No. 13889.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1953.

Rehearing Denied March 2, 1953.

R. A. Dowling, New Orleans, La., for appellant.

Richard C. Baldwin, Asst. U. S. Atty., John N. McKay, U. S. Atty., New Orleans, La., William S. Tyson, Sol., Bessie Margolin, Asst. Sol., Joseph D. Mladinov, Atty., U. S. Dept. of Labor, Washington, D. C., and Earl Street, Reg. Atty., Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Found guilty on counts One [1] and Four [2] of a four count indictment purporting to

---

1. Count One. That on or about the 13th day of Jan., 1949, in New Orleans, La., in the New Orleans Division of the Eastern District of Louisiana, the defendants Lucien W. Rolland, Robert L. Pierpoint, and Celena R. Pierpoint knowingly and wilfully made and used a false document in writing knowing the same to contain a false, fictitious and fraudulent statement in a matter within the jurisdiction of the Wage and Hour and Public Contracts Divisions of the United States Department of Labor, an agency of the United States, in that said defendants made and furnished the said Wage and Hour and Public Contracts Division a statement setting forth that the said defendant Lucien W. Rolland, doing business as Rolland Safe & Lock Company and Rolland for Keys had paid William R. Ward, one of the said defendant Lucien W. Rolland's employees, the sum of $94.47, which said sum had been determined by the said Wage and Hour and Public Contracts Divisions to be due to the said employee as overtime compensation under the Fair Labor Standards Act of 1938, when in truth and in fact, as the aforesaid defendants well knew, pay-

ment of said sum as reflected by said statement had not been made.

2. Count Four. That on or about the 3rd day of Feb., 1949, in New Orleans, La., in the New Orleans Division of the Eastern District of Louisiana, the defendants Lucien W. Rolland, Robert L. Pierpoint and Celena R. Pierpoint knowingly and wilfully made, false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Wage and Hour and Public Contracts Divisions of the United States Department of Labor, an agency of the United States, in that the said defendants stated and represented to representatives of the said Wage and Hour and Public Contracts Divisions that the said defendant Lucien W. Rolland, doing business as Rolland Safe & Lock Company and Rolland For Keys had paid William R. Ward, Marion Noustens, and Herman C. Alonzo, said defendant Lucien W. Rolland's employees, the full amounts which had been determined by the said Wage and Hour and Public Contracts Divisions to be due to said employees as overtime under the Fair Labor Standards Act of 1938, when in truth and in fact,

charge him and two others with violations of Section 1001 of 18 U.S.C.A., the defendant Rolland appealed, relying for reversal on two main contentions.

The first, applicable to both counts alike, is that they were defective in failing to allege, in *haec verba,* or in substance, and the proof was insufficient in failing to establish, the essential facts[3] that the claimed false statements were "material".

The other, applicable only to count one, is that the evidence did not, as alleged in the indictment, show that defendant "made and furnished the Wage, Hour and Public Contracts Division a statement * * *".

As a complete answer to the first contention, the United States, asserting that the indictment is almost in the precise language of that in United States v. Moore, 5 Cir., 185 F.2d 92, 94, insists that the first point is without merit.

We cannot agree that this is so. In that case the indictment as to each of the counts charged, in the language of the statute, that the facts were "material", and, in sustaining the view of the district judge, that the United States must prove that defendants were subject to the act, we said:

"We agree fully with the district judge that the statements charged to have been 'material' would have been material only if appellee was subject to the Act, and that since the statute makes 'materiality' an essential ingredient of the offense, the making of the statements, though false, would not constitute an offense unless defendants were subject to the Act."[4]

Further, after saying:

"* * * the indictment, charging as it does both that the matters concealed and falsely represented were material and that they were matters within the jurisdiction of the Wage and Hour Division of the Department of Labor, was sufficient on its face to charge a violation of the act."

we went on to say:

"If, therefore, on the trial *it is proved that the statements charged were made and were material and that they were made with regard to a matter within the jurisdiction* of the Administrator, acting in this case through his designated representative, the Wage and Hour Division, *that is that the defendants were, as to the employees named or some of them, under the coverage of the Act and subject to its juridiction, the indictment and proof would sustain a conviction. * * *"* (Emphasis supplied.)

■ In contrast to the indictment in that case, the challenged counts here do not allege that the statements complained of were "material", they do not state facts which show them to be.

Count one does charge that the defendants knowingly and wilfully "made and furnished * * * a statement setting forth * * *" that the defendants had paid one Ward the sum of $94.47 when they well knew that such payment had not been made. It does not, however, allege that the statement was "material", nor does it allege, that that amount was actually due to the employee named. Instead of doing so, it alleges merely that "said sum had been determined by the said Wage, Hour, and Public Contract Divisions to be due to the said employee as overtime compensation * * * ".

as the defendants well knew, payment of the full amounts thereof had not been made.

3. Rule 7, Federal Rules of Criminal Procedure, 18 U.S.C.A. providing:
"(c) Nature and Contents. The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *"

4. Cf. United States v. United States Cartridge Co., D.C., 95 F.Supp. 384, at page

395, where, after quoting and citing several authorities, the court said:
"To summarize—'Fraud consists in the false representation of a material fact, made with knowledge of its falsity and with the intent to deceive the other party, which representation must be believed and acted upon by the party deceived to his damage.' See Cahill v. Curtiss-Wright Corporation, D.C., 57 F. Supp. 614, 616."

Nothing in the Fair Labor Standards Act, 29 U.S.C.A., §§ 201–219, in connection with the enforcement of which it is claimed that this determination was made, either directs or authorizes the Wage and Hour Division to make such a determination, or gives any effect to it when made. This being so, Count One of the indictment failed to charge an offense in that neither in *haec verba*, nor in substance, did it charge the essential fact that the complained of statement was material.

There is no allegation that Ward was an employee whose wages were subject to the act, none that the sum of $94.47, or any other sum, was actually due him thereunder.

This is true, also, as to Count Four, which differs from Count One only in that Count One deals with furnishing a so-called document containing a false statement as to the payment to one Ward, while Count Four deals with oral statements made to investigators with respect to payments to Ward and to two others.

For the failure to allege these essential facts, both counts were defective, and the motions to dismiss both of them should have been sustained.

■ It is equally true that, since the proof followed the allegations of the indictment and no showing was made that the sums dealt with in it were actually due, the motion of the defendant for a judgment of acquittal as to these two counts should have been granted.

While this is true as to both counts, there are other and equally cogent reasons why the verdict should have been instructed for appellant on Count One. This count, after stating that the defendants knowingly and wilfully made and used a false statement, went on to specify the offense thus: " * * * in that said defendants made and furnished the said Wage and Hour and Public Contracts Divisions a statement setting forth * * * ". The record will be searched in vain for evidence sufficient to establish beyond a reasonable doubt that the appellant made the document or furnished it to the Wage and Hour Division.

The evidence offered by the United States showed that the document, with the exception of the signatures, was made by the Wage and Hour Division. There was no evidence as to who sent it to the Wage and Hour Division. The only evidence on that point was the evidence of the person who received it by mail. This showed that there was nothing on the document or in connection with it to show who had sent it, or from whom it had come. The witness testified that there was nothing on the envelope or inside it to identify it with Rolland. There was testimony that Rolland had nothing to do with handling accounts or bookkeeping, and no testimony to show that he had anything to do with furnishing the document.

In addition, it is quite clear that, within the meaning of the applicable authorities, the record is wholly wanting in proof showing that Ward was entitled to the sums in question as an employee in interstate commerce so as to make material the statements charged to have been made with reference to the payment of moneys to him.

The evidence, as to the Rolland business, the vending and mending of locks and keys small and local in its nature and in fact, was perhaps sufficient to show that what might be called the interstate business done by it was not *de minimis*. It showed though, that the amount and nature of that business was quite picayune. But small and picayune in relation to interstate commerce, as the business in general was, the claim and evidence that Ward as an employee was engaged in interstate commerce and that the Fair Labor Standards Act had been violated as to him in respect of the sum claimed, was minuscular. Indeed the record will be searched in vain to find any evidence measuring up to the dignity of proof supporting, or even tending to support, the claim that there had been a violation of the act as to him.

The judgment is reversed and the cause is remanded to the district court with directions to enter a judgment of acquittal.

RIVES, Circuit Judge (specially concurring).

I concur in that part of the opinion holding Counts One and Four defective and that the Court erred in overruling the motions to dismiss those counts.