### UNITED STATES v. VARANO et al.
.Crim. No. 12359.

United States District Court,
M. D. Pennsylvania.
Aug. 3, 1953.

Joseph C. Kreder, U. S. Atty., Scranton, Pa., for plaintiff.

Russell J. O'Malley, Scranton, Pa., for defendants.

WATSON, Chief Judge.

This matter is before the Court upon motion of the defendants to dismiss the indictment.

The indictment charges a violation of the provisions of Title 18 U.S.C. § 1001, which contains the following provisions:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or de-vice a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

The first reason assigned in support of the motion to dismiss is that the indictment does not state facts sufficient to constitute an offense against the United States. The indictment charges that the defendants knowingly and wilfully did cause the West Ward Building and Loan Association of Shamokin, Pennsylvania, to make and use a false certificate, which certificate the defendants knew contained false and fictitious statements and entries, in a matter within the jurisdiction of the Veterans' Administration, an agency of the United States, for the purpose of inducing the Veterans' Administration to guarantee a loan to one Adam Joseph Chesney, a veteran, under the provisions of the Servicemen's Readjustment Act of 1944, as amended, 38 U.S.C.A. § 693 et seq. The defendants contend that the Statute, by its express terms, requires that to be actionable, the fact falsified, concealed or covered up must be a material one, and that the indictment fails to state that the alleged false and concealed facts were material. The Government, however, does not charge a violation of that particular section of the Statute to which the defendants refer but does charge a violation of the following:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully * * * makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry * * *."

The defendants advance as a second reason that the indictment does not state to what person or to what agency or official, if any, of the United States, the West Ward Building and Loan Association issued a certificate. It will be noted that the Statute does not require that the

indictment set forth the name of the person or agency to which a false statement was submitted. The indictment in this case is drawn in the exact language of the Statute and this is sufficient to satisfy the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Cohen v. United States, 339 U.S. 920, 70 S.Ct. 623, 94 L.Ed. 1344; Id., 6 Cir., 178 F.2d 588.

█ The true test of the sufficiency of an indictment is whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Cochran and Sayre v. United States, 157 U.S. 286, 15 S.Ct. 628, 39 L.Ed. 704; Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861.

The indictment here meets the test and is proper.

The motion to dismiss should be denied.