**UNITED STATES   v.   COWART.**
**Cr. No. 1648–53.**

United States District Court
District of Columbia,
Criminal Division.

Feb. 8, 1954.

904

Joseph A. Lowther, Attorney, Dept. of Justice, Leo A. Rover, U. S. Atty., Washington, D. C., for plaintiff.

Emory W. Reisinger, II, Washington, D. C., Lester L. May, Howard Dailey, Dallas, Tex., for defendant.

MORRIS, District Judge.

The present indictment, which is attacked by several motions of the defendant, upon which hearing was had and memorandum briefs submitted, charges in substance that the defendant, who was an employee of the Department of Agriculture of the United States, did knowingly and wilfully make false and fraudulent statements of representations in a matter within the jurisdiction of said Department of Agriculture, said matter being an investigation of whether or not the defendant held a financial interest in the Baton Rouge Warehouses, Inc., of Baton Rouge, Louisiana, and was rendering and was about to render services for

said warehouse corporation, which said investigation was being conducted under the supervision of William H. Duggan, Chief of Compliance and Investigation Production and Marketing Administration, Department of Agriculture. The alleged false statement, made on or about October 17, 1950, within the District of Columbia, is set forth in the indictment, and in substance denies that the defendant owned any part of said "warehouse," which statement of the defendant is alleged to be false and fraudulent in that the defendant was then and there the owner of capital stock of Baton Rouge Warehouses, Inc., Baton Rouge, Louisiana, and later received the proceeds of the sale of said stock, all of which was well known to the defendant at the time he wrote the letter containing the statement referred to.

■ The motion of the defendant to quash and dismiss the indictment asserts that the same does not charge an offense against the laws of the United States, and that the indictment is ambiguous and uncertain, merely stating the conclusions of the pleader. These grounds were not seriously urged in argument in support of motion, and I cannot agree that the indictment is defective in these respects.

■ In paragraphs 3 and 4, it is asserted that the indictment does not state that the alleged false and fraudulent statements and representations were of a material nature, and neither does it state in what respect said alleged false statements of the defendant were pertinent or material. These grounds were argued very thoroughly, and much reliance was placed upon the case of Rolland v. United States, 5 Cir., 200 F.2d 678. The holding in that case is that, with respect to an indictment for the violation of 18 U.S.C. § 1001, which is the same section involved in the instant case, it is necessary to the validity of the indictment that the alleged false statements be stated in *haec verba* to be material, or that facts be stated which show them to be material. It, of course, also holds that the proof must sustain such allega-

tions in order to justify a conviction. I have no quarrel with this principle, but I am satisfied that the allegations of the indictment here show that the alleged false statements are material to a proper exercise of the jurisdiction of the Department of Agriculture and the choice of personnel with which to administer and exercise such jurisdiction. I, therefore, cannot sustain the motion in respect of the two grounds last stated.

■ Paragraph 5 insists that, by the present indictment, the defendant is being put in jeopardy for the second time in connection with the same offense. It is asserted that the defendant was tried and acquitted on the same offense in the United States District Court at Alexandria, Virginia, before the Honorable Albert B. Bryan, Judge thereof; that the same alleged false and fraudulent statement was offered in evidence at that trial, and the same William H. Duggan testified at said trial, and the facts in the instant case are founded and built upon the facts in the case which was tried in said court in Alexandria, Virginia, and the defendant having been acquitted therein cannot be put upon trial again upon the indictment here under consideration. This is clearly an assertion of a plea of *autrefois* acquit, or double jeopardy, prohibited by the Constitution, Amend. 5. Obviously there is no double jeopardy here involved, as the charge upon which the defendant was tried, and which resulted in a judgment of acquittal by Judge Bryan, was a violation of Title 18 U.S.C. § 281, in that the defendant received compensation from the said Baton Rouge Warehouses, Inc., for services rendered by the defendant before the Department of Agriculture, while here the charge is for a different offense, namely, the making of a false and fraudulent statement in violation of 18 U.S.C. § 1001, to the effect that he had no interest in said Baton Rouge Warehouses, Inc. The authorities are too well settled to require discussion that the defense of double jeopardy is applicable only where the same offense is charged. In argument and memorandum briefs

submitted in the instant matter, however, it is ably and ingenuously urged with much vigor that under the doctrine of res judicata, imported in part from the civil law to the field of criminal law, an issue which has been litigated and determined in favor of the defendant in a court of competent jurisdiction between the same parties may not be again litigated by them in another criminal proceeding. It is urged that, in the case in which judgment of acquittal was rendered by Judge Bryan, proof was offered that the defendant did have an interest in the said Baton Rouge Warehouses, Inc., and that, in order to sustain the present indictment, it would be necessary to offer proof of that alleged fact. The argument runs that by the plea of not guilty entered in the case decided by Judge Bryan, the ownership of any interest in the said Baton Rouge Warehouses, Inc., was put in issue, and by a judgment of acquittal every issue in that case was decided in favor of the defendant, which thereby precludes that issue from again being litigated. The doctrine of res judicata in criminal cases, recognized in the case of United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161, and more particularly dealt with in Sealfon v. United States, 332 U. S. 575, 68 S.Ct. 237, 92 L.Ed. 180, and applied in United States v. De Angelo, 3 Cir., 138 F.2d 466, and in United States v. Carlisi, D.C.E.D.N.Y., 32 F.Supp. 479, contemplates that, to bar the litigation of an issue, the same issue must have been determined favorably to the defendant, expressly or by necessary implication, in a previous proceeding between the same parties. In the Sealfon case, supra [332 U.S. 575, 68 S.Ct. 239], it is stated:

"Thus the only question in this case is whether the jury's verdict in the conspiracy trial was a determination favorable to petitioner of the facts essential to conviction of the substantive offense. This depends upon the facts adduced at each trial and the instructions under which the jury arrived at its verdict at the first trial."

It is perfectly clear that the holding in the Sealfon case, and in the other cases applying the doctrine in question, recognized that there must have been a definite determination of issue favorable to the defendant, and that such determination must be inconsistent with the guilt of the defendant in the subsequent proceeding in order to justify the application of the doctrine in a criminal case. This is made explicitly clear in United States v. Williams, 341 U.S. 58, 71 S.Ct. 595, 95 L.Ed. 747.

■ Looking at the statement made by Judge Bryan, wherein he entered a judgment of acquittal of the defendant in the case pending before him, it is perfectly clear that he made no determination that the defendant did not own an interest in the said Baton Rouge Warehouses, Inc. On the contrary, he assumed that the defendant did own such interest, but he entered the judgment of acquittal upon the ground that there was not the requisite degree of proof that said interest had been given or paid to the defendant as compensation in a matter in which the United States is interested, and which comes before him for any services that he may perform. In these circumstances, to say that there was a determination by Judge Bryan that this defendant did not own an interest in said Baton Rouge Warehouses, Inc., would be to rely upon a fiction of law expressly shown to be contrary to the reality. My conclusion is that the asserted doctrine of res judicata does not have application here, and the instant indictment cannot be dismissed upon the ground that it does.

■ A motion has also been filed herein, upon which hearing has been had, to strike the allegation in the indictment "and later receive the proceeds of the sale of said stock," which follows the allegation in the indictment, "which statements and representations were false and fraudulent in that the defendant was then and there the owner of capital stock

of said Baton Rouge Warehouses, Inc., Baton Rouge, Louisiana." The ground urged here is that said allegation is inflammatory and prejudicial, and that such allegation shows on its face to have occurred, if at all, after the making of the alleged written statement. I agree with the defendant that a subsequent sale of stock interest in said corporation has no relevance to the charge here, unless it is a sale of the same interest which the defendant owned at the time of the making of the alleged false statement, and no evidence would be permitted with respect to a sale other than that of the interest owned at the time of the alleged false statement. To charge the offense here, it was perhaps not necessary for the Government to make the allegation complained of, but, having seen fit to make such allegation, the Government, of course, must be held to its strict proof, and both the allegation complained of, or any proof adduced thereunder, must be construed to relate solely to the interest alleged to have been owned by the defendant at the time of the alleged false statement. In this setting, and under such construction, I cannot hold that the allegation complained of relates to something other than the stock interest alleged to have been owned by the defendant at the time of the making of the alleged false statement, and, therefore, I cannot grant the motion to strike the same.

The defendant has also filed a motion to dismiss the indictment upon the ground that there was no competent evidence produced before the grand jury upon which to base said indictment. Said motion seeks an order of the Court directing that the minutes of the grand jury be brought into court in order that the Court may inspect the same, and that, upon final hearing thereof, said indictment be dismissed. A hearing was had upon said motion and, upon, consideration thereof, said motion is denied, as the Court must presume that the grand jury acted in accordance with law until some showing is made which would justify the Court in making the inquiry sought. If the Court did not adhere to this rule, it could, and in all probability would be called upon to look into the proceedings before the grand jury whenever a defendant, without other showing, asserts that no competent proof had been presented upon which an indictment could be based, and such course would inevitably encourage the filing of such unsupported challenge.