UNITED STATES of America,
Plaintiff,

v.

Roy O. LANGE, Defendant.

United States District Court,
S. D. New York.
Feb. 16, 1955.

J. Edward Lumbard, U. S. Atty., New York City, for United States, Dennis C. Mahoney, Asst. U. S. Atty., New York City, of counsel.

Francis J. Morgan, Yonkers, N. Y., for defendant.

WEINFELD, District Judge.

The defendant is charged in a seven-count indictment with various violations of § 1001 of Title 18 U.S.C. Counts one through four charge him with knowingly making a false statement; count five charges he knowingly made a false statement in writing; counts six and seven charge he counselled and induced others to make false statements. All the statements are alleged to have been made in matters within the jurisdiction of the Department of Justice, Immigration and Naturalization Service.

■ The defendant urges that all counts of the indictment must be dismissed for failure to allege an offense in that they omit to charge that the allegedly false statements were material. I do not view the failure to allege materiality as fatal. Section 1001 reads:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statements or entry, shall be fined not more than $10,-000 or imprisoned not more than five years, or both."

It will be observed that it contains three separate and distinct provisions, but only the first specifies "a material fact" in connection with concealment by "tricks, scheme, or device." The defendant, however, is not charged with a violation of that particular clause of the statute but the two succeeding clauses, neither of which mentions materiality.

■ While the Court of Appeals for the Fifth Circuit appears to have taken a contrary position,[1] with all due respect, I share the view of my colleague Judge Ryan that the materiality of the allegedly false statement need not be pleaded where the offense charged is a violation of the second or third clauses of the statute.[2] The indictment, which closely parallels the statutory requirement, is sufficient to satisfy the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C. It states the necessary elements of the offense and with sufficient clarity to enable the defendant to prepare his defense and to protect him against double jeopardy.[3]

■ The defendant makes an alternative motion to dismiss counts one through four on the ground that the false statements charged therein were made under oath and therefore prosecution may be had, if at all, only under the general perjury statute.[4] The counts contained no allegation that the statements were made under oath but the defendant refers to an exhibit attached to the government's bill of particulars which shows that he was sworn during the course of a hearing conducted under the Immigration Act. Accordingly, relying upon § 1357(b) of Title 8,[5] he contends that a prosecution for a false statement given under oath in an immi-

1. Rolland v. United States, 5 Cir., 200 F.2d 678; see also United States v. Cowart, D.C.D.C., 118 F.Supp. 903.

2. United States v. Vita, S.D.N.Y., Docket No. C 141–37, November 8, 1954; accord: United States v. Varano, D.C.M.D.Pa., 113 F.Supp. 867.

3. United States v. Debrow, 346 U.S. 374, 377, 74 S.Ct. 113, 98 L.Ed. 92; Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861; United States v. Achtner, 2 Cir., 144 F.2d 49, 51.

4. 18 U.S.C. § 1621.

5. Immigration and Nationality Act of 1952, § 287(b), 66 Stat. 233.

gration matter must be brought under the general perjury statute since § 1357 (b) provides:

"Any officer or employee of the Service designated by the Attorney General, whether individually or as one of a class, shall have power and authority to administer oaths * * and any person to whom such oath has been administered, under the provisions of this chapter, who shall knowingly or willfully give false evidence or swear to any false statement concerning any matter referred to in this subsection shall be guilty of perjury and shall be punished as provided by section 1621 of Title 18."

First, the short answer is the government apparently does not contend that the oath was validly administered by an authorized officer. If, in fact, the oath was not validly administered then it was a nullity and no prosecution for false swearing will lie [6] and § 1357(b) is inapplicable. But the fact that no specific violation of the Immigration and Nationality Act is involved would not prevent an indictment "based upon the broad public policy against the making of false statements in *any* matters within the jurisdiction of *any* department or agency of the United States." [7]

Second, assuming arguendo that a valid oath was administered, it by no means follows that § 1357(b) limits prosecution for its violation to the general perjury statute and that the government is barred from proceeding against a witness under other provisions of law applicable to false swearing. It is well settled that "At least where different proof is required for each offense, a single act or transaction may violate more than one criminal statute." [8] This case falls within the rule since a perjury prosecution requires proof that the witness was sworn while § 1001 does not. The words "shall be" appearing in § 1357(b) define the offense and punishment and in no sense are a restriction upon the power of government to prosecute for a violation of that or any other provision of law. It rests with the government to decide under which statute the offense shall be prosecuted, and frequently problems of proof determine this question.[9]

The motion is denied. Settle order on notice.

---

6. United States v. Doshen, 3 Cir., 133 F.2d 757.

7. Cohen v. United States, 9 Cir., 201 F.2d 386, 392.

8. United States v. Beacon Brass Co., 344 U.S. 43, 45, 73 S.Ct. 77, 79, 97 L.Ed. 61; United States v. Noveck, 273 U.S. 202, 47 S.Ct. 341, 71 L.Ed. 610; Clark, J., concurring in Rosenberg v. United States, 346 U.S. 273, 293, 294, 73 S.Ct. 1152, 97 L.Ed. 1607. See also United States v. Tommasello, 2 Cir., 160 F.2d 348, 350; United States v. Heine, 2 Cir., 149 F.2d 485, 487.

9. Here there seems to be some question as to whether the examining officer had authority to administer the oath.