UNITED STATES of America

v.

Charles S. OKIN, Morris Jacobson and Marvin Simms.

Cr. No. 140–55.

United States District Court
D. New Jersey.

Oct. 5, 1955.

**554**

Raymond Del Tufo, Jr., U. S. Atty., by Albert G. Besser, Asst. U. S. Atty., Newark, N. J., for the United States.

McGlynn, Weintraub & Stein, by Edward R. McGlynn, Newark, N. J., for defendant, Charles S. Okin.

George R. Sommer, Newark, N. J., for defendant, Marvin Simms.

MEANEY, District Judge.

Counsel for Charles S. Okin, a defendant in the above-entitled case, moves to dismiss an indictment returned against him. The indictment is based on alleged violations of Title 18 U.S.C.A. §§ 371, 1001 and 1010. The first count charges conspiracy, and the remaining counts charge violations of §§ 1001 and 1010.

It may be well first to cite two of the sections of the Act involved.

Section 1001 reads as follows:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

Section 1010 makes the following provisions:

"Whoever, for the purpose of obtaining any loan or advance of credit from any person, partnership, association, or corporation with the intent that such loan or advance of credit shall be offered to or accepted by the Federal Housing Administration for insurance, or for the purpose of obtaining any extension or renewal of any loan, advance of credit, or mortgage insured by such Administration, or the acceptance, release, or substitution of any security on such a loan, advance of credit or for the purpose of influencing in any way the action of such

Administration, makes, passes, utters, or publishes any statement, knowing the same to be false, or alters, forges, or counterfeits any instrument, paper, or document, or utters, publishes, or passes as true any instrument, paper, or document, knowing it to have been altered, forged, or counterfeited, or willfully overvalues any security, asset, or income, shall be fined not more than $5,000 or imprisoned not more than two years, or both."

It is patent from a perusal of the indictment that the Grand Jury returned an indictment charging the defendant in some of the substantive counts with causing to be made and causing to be used in matters within the jurisdiction of an agency of the United States, certain false writings and documents, knowing them to contain false and fictitious statements; and in other substantive counts the indictment charged the defendant with causing to be made certain writings or documents, knowing the same to be false, for the purpose of obtaining a loan from a bank with the intent that such loan be offered to and accepted by the Federal Housing Administration for insurance as provided by law.

The gravamen, therefore, of the complaint in each instance is the causing to be made and causing to be used false writings or documents in circumstances constituting such acts crimes.

Among other things, the defendant urges that the omission from the counts alleging violation of Sec. 1001 of an averment that the falsity of the writings was in relation to a material fact or to material facts is fatal to its effectiveness.

■■ In so far as this contention of the defendant is concerned, it seems to the court to be without merit. True, the first part of Section 1001 of Title 18 U.S.C.A. does refer to the falsification, concealment or covering up by any trick, scheme or device of a *material fact,* but this is not the substance of the charges included in the indictment. The indictment is framed under the remaining part of the statute which, after the first phrase, goes on to say, *"or* makes any false, fictitious (etc.) * * * *or* makes or uses any false writing or document * * * *"* (emphasis supplied.) In this portion of the Act, which is separate and distinct from the first part, there is no requirement that the falsity or misrepresentation be of a material fact. On this ground alone, it would seem that the contention of the defendant must fail. United States v. Lange, D.C.S.D.N.Y.1955, 128 F.Supp. 797; United States v. Varano, D.C.M.D. Pa.1953, 113 F.Supp. 867; see United States v. Stark, D.C.D.Md.1955, 131 F.Supp. 190, 198. The court is mindful of the decision in Rolland v. United States, 5 Cir., 1953, 200 F.2d 678, certiorari denied 1953, 345 U.S. 964, 73 S.Ct. 950, 97 L.Ed. 1383. If an indication of materiality is necessary, the allegations of the counts sufficiently apprise the defendants of that which they are charged, and, while not, to use the language of the Rolland case, [200 F.2d 679] charging materiality "in haec verba", they do indicate sufficiently *in substance* such materiality. Therefore, the motion contained in paragraph 1 of defendant Okin's motion to dismiss is denied.

■ So, too, must defendant's second ground, alleging the ineffectiveness of the substantive counts for failure to use the word "willfully", fail. Formal words are unnecessary where the allegations necessarily or fairly import guilty knowledge; words which import an exercise of the will may take the place of the word "willfully." Rumely v. United States, 2 Cir., 1923, 293 F. 532, certiorari denied 1923, 263 U.S. 713, 44 S.Ct. 38, 68 L.Ed. 520; Nickell v. United States, 9 Cir., 1908, 161 F. 702, certiorari denied 1908, 214 U.S. 517, 29 S.Ct. 699, 53 L.Ed. 1064; United States v. Amorosa, 3 Cir., 1948, 167 F.2d 596, 598. There is no doubt that the facts recited in the indictment allege guilty intent.

With reference to the motion contained in paragraph 3, suffice it to say that there is no question here of "allow-

able units" in the sense there referred to. The statute makes clear that each document submitted to a government agency which is knowingly false, is an offense. Thus, each count sets forth a separate offense and does not attempt to break down one offense into separate units of prosecution.

As to the grounds contained in paragraph 4 of defendant's motion, the substantive counts XI and XII are matters which the Government must prove; they set forth with sufficient particularity that with which the defendant is charged. The same may be said with respect to the argument taken with overt acts 10 and 11 of count one.

· The motion contained in paragraph 5 has been abandoned.

The argument contained in paragraph 6, taking issue with the grammatical construction of counts XX and XLV, is quite far-fetched; needless to say, these counts sufficiently apprise the defendant of the charges against him and are not so ambiguous as to render their meaning dubious.

The basis for the motion in paragraph 7 has been generally disposed of in the greater portion of this decision.

 The contention of the defendant that the conspiracy count should be dismissed because it deals with 10 different objectives and does not allege a continuing conspiracy is also without merit. It is very clear that the complaint avers that all the overts acts were committed in pursuance of one agreement. Whether or not this is the fact is strictly a matter of proof to be presented at the trial.

The motions of defendant Charles Okin are denied.

Finally, the motion of defendant Marvin Simms is to be considered. He contends that the indictment should be dismissed as to him because he was subpoenaed before a grand jury which subsequently indicted him, and testified without being warned of his constitutional privileges against self-incrimination. The fact that Simms was called as a witness before the Grand Jury which, as is manifested by the affidavit of the Assistant U. S. Attorney in charge of the investigation, was engaged in a general examination of an uncertain situation and was not called for the purpose of inquiry into his acts and the determination of their criminality, did not render him immune from indictment. That the Grand Jury engages in investigation and calls witnesses who later may be the subject of indictment, does not of itself grant immunity to witnesses thus called. Perusal of the minutes of the Grand Jury which concerned itself with the aforementioned investigation bears out the situation set forth in the affidavit of the Assistant U. S. Attorney working with the Grand Jury in its inquiry. The facts in the case of Simms are well within the bounds, set by the cases, where no duty of warning lies. Wilson v. United States, 1896, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090; United States v. Scully, 2 Cir., 1955, 225 F.2d 113; United States v. Kimball, C.C.S.D.N.Y.1902, 117 F. 156; United States v. Klein, D.C.S.D.N.Y.1954, 124 F.Supp. 476; United States v. Haas, D.C.S.D.N.Y.1954, 126 F.Supp. 817; Cf. Thompson v. United States, 7 Cir., 1926, 10 F.2d 781, certiorari denied 1925, 270 U.S. 654, 46 S.Ct. 352, 70 L.Ed. 782; United States v. Lawn, D.C.S.D.N.Y. 1953, 115 F.Supp. 674.