**UNITED STATES of America,
Appellee,**

v.

**Charles SILVER, Appellant.**

**No. 393, Docket 24072.**

United States Court of Appeals
Second Circuit.

Argued June 7, 1956.
Decided July 25, 1956.

Certiorari Denied Oct. 22, 1956.
See 77 S.Ct. 102.

Daniel H. Greenberg, New York City (Irving Spieler, New York City, on the brief), for appellant.

Martin Carmichael, Jr., Asst. U. S. Atty., S.D.N.Y., New York City (Paul W. Williams, U. S. Atty., and Dennis C. Mahoney, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

CLARK, Chief Judge.

Defendant was indicted under the false statement statute, 18 U.S.C. § 1001.[1]

1. 18 U.S.C. § 1001 provides:
"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any

The indictment had two counts. The first charged that Silver had falsely stated that he had not seen one Carol Anderson early in 1953; the second charged that he lied when he denied using an alias.[2] Before trial, defendant moved to dismiss the indictment; the motion was denied. After trial and verdict of guilty, the judge denied defendant's motion for a judgment of acquittal.

The evidence at the trial was as follows: The allegedly false statements had been made to an Internal Revenue special agent during an investigation concerning a charge by a convict that he had paid bribes to Silver while the latter was in the employ of the Internal Revenue Bureau. The convict who allegedly paid the bribes had reported that the payments were witnessed by "an old time Madam" named "Carol" who had formerly accompanied Silver to harness races. On March 31, 1953, the special agent questioned Silver as to whether during 1947 or 1948 he knew a woman by the name of Carol. Answering, Silver gave her last name as Anderson, described her, and stated that he last heard that she lived in Westchester County. It was subsequently discovered that Carol Anderson had changed her name to Carol Turchin and had been incarcerated in the Westchester Prison at Eastview after being convicted of running a disorderly house. The prison records indicate that she had been visited in February, 1953, by a "Charles Anderson," whose description, according to the special agent, fits Silver's. The special agent testified that the guards at the prison, shown a picture of Silver, identified him as the person who had visited Carol Anderson early in 1953. There was also evidence that Silver saw her in April, 1953, and met her on her release from prison in May, 1953. On April 6, 1954, Silver was again interrogated by the special agent. When asked whether he had seen Carol Anderson after January 1, 1953, he expressed the belief that he had seen her before that date. He denied that he saw her in January, February, March, April, or May, 1953. Silver was questioned by the special agent again on April 16, 1954, when he denied he had ever used an alias or name other than his own.

At the trial, Silver testified in his own behalf. He admitted visiting Carol Anderson in prison in February, 1953, but denied that he intended to mislead the special agent, and said that he had misunderstood the question put to him concerning the use of an alias. The jury found him guilty on both counts. He was sentenced to one year on each count, with the sentence on the second count suspended and a three-year period of probation imposed. This appeal followed. There are two assignments of error, first that the indictment is legally insufficient

---

false, fictitious or fraudulent statement or entry, shall be fined not more than $10,-000 or imprisoned not more than five years, or both."

2. The two counts of the indictment are as follows:

"The Grand Jury charges:

"On or about the 6th day of April, 1954, in the Southern District of New York, Charles Silver, the defendant, unlawfully, knowingly and wilfully made a false, fictitious and fraudulent statement, in a matter within the jurisdiction of a department of the United States, namely, the Treasury Department, Internal Revenue Service, to the effect that he did not see one Carol Anderson during the months of January, February, March or April of 1953, whereas, in truth and in fact, as the defendant then and there well knew, he had seen the said Carol Anderson dur-

ing that period. (Title 18, Section 1001, United States Code).

"Second Count

"The Grand Jury further charges:

"On or about the 16th day of April, 1954, in the Southern District of New York, Charles Silver, the defendant, unlawfully, knowingly and wilfully made a false, fictitious and fraudulent statement, in a matter within the jurisdiction of a department of the United States, namely, the Treasury Department, Internal Revenue Service, to the effect that he had not at any time used an alias or name other than his own, whereas, in truth and in fact, as the defendant then and there well knew, he had used an assumed name, namely Charles Anderson, on at least one occasion in 1953. (Title 18, Section 1001, United States Code)."

because it did not allege that the false statements were material and second that defendant was subjected to an improper and prejudicial cross-examination.

■ First. Section 1001 contains two clauses. The first relates to the willful falsification or concealment by "trick, scheme, or device" of a "material fact"; the second covers "false, fictitious or fraudulent statements or representations." The indictment charged a crime under the second clause, which, unlike the first, does not include the term "material." The defendant contends, however, that the second clause requires proof of the materiality of the false statements, citing Rolland v. United States, 5 Cir., 200 F.2d 678, certiorari denied United States v. Rolland, 345 U.S. 964, 73 S.Ct. 950, 97 L.Ed. 1383; and Freidus v. United States, 96 U.S.App. D.C. 133, 223 F.2d 598. On that basis he maintains that the trial judge erred in not granting his motion to dismiss the indictment for legal insufficiency, in that it did not allege that the false statements related to a material fact. Actually the evidence fully supported the materiality of the statements and, at the request of both counsel, the judge submitted the issue to the jury under a charge correctly stating the test of materiality. United States v. Moran, 2 Cir., 194 F.2d 623, 626, certiorari denied Moran v. United States, 343 U.S. 965, 72 S.Ct. 1058, 96 L.Ed. 1362; United States v. Goldstein, 2 Cir., 168 F.2d 666, 671. The indictment followed the language of the statute, United States v. Achtner, 2 Cir., 144 F. 2d 49, 51; United States v. Debrow, 346 U.S. 374, 377, 74 S.Ct. 113, 98 L.Ed. 92, and was fully adequate under F.R.Cr.P., rule 7(c), to inform defendant of the essential facts constituting the offense. It has been held that materiality need not be charged under this statute. Fisher v. United States, 9 Cir., 231 F.2d 99, 102; United States v. Lange, D.C. S.D.N.Y., 128 F.Supp. 797; United States v. Varano, D.C.M.D.Pa., 113 F. Supp. 867; and see also United States v. Leviton, 2 Cir., 193 F.2d 848, certiorari denied Leviton v. United States, 343 U.S. 946, 72 S.Ct. 860, 96 L.Ed. 1350. To the extent that Rolland v. United States, supra, 5 Cir., 200 F.2d 678, is contra, we are constrained to disagree with it.

But a majority of the court believe further that there is no separate and additional requirement of materiality, beyond the explicit elements of the crime as defined in the statute, which must be shown to complete proof of the offense. Since the cases above disclose some diversity in approach, we are met with no binding precedent and therefore turn to the statute itself. We suggest that it is of doubtful wisdom, not to say potentially dangerous, to import conditions into a penal statute which appear to have been studiously omitted by the lawmakers themselves. Even if the reason for including the requirement in the first clause and omitting it in the later clause could not be discerned, it would nevertheless seem that the differences must still be observed. But there is properly a distinction between a scheme of concealing or covering up a "material fact" and the making of a false, fictitious, or fraudulent statement. An attempt to conceal or cover up may properly be limited only to facts which are important and material. On the other hand, a fact deliberately or willfully misstated in a matter of appropriate governmental inquiry seems properly punishable even if it is only a gratuitous red herring. As such it can of course obstruct, delay, or deflect an inquiry which is pressing home to uncover fraud upon the government. So here the defendant's lies as to his use of an assumed name and as to the dates when he saw Carol Anderson were disruptive of the government's search for the facts; they should properly be subject to punishment even if their connection with the purpose of the inquiry does not immediately appear, without necessity for formal explanation as to why the questions are important.

It must be remembered that in any event the charge must concern a "matter within the jurisdiction of any [i. e., some] department or agency of the Unit-

ed States." In all probability a lie in a matter within such jurisdiction will rarely, if ever, prove to be really immaterial; this initial requirement, coupled with the need of proving willful intent, will prevent the possibility of purely foolish or wholly insubstantial charges. But even if this is so, it is but an added reason. against importing into the statute an unnecessary but vague abstraction which will then in turn call for interpretation and reinterpretation. United States v. Gilliland, 312 U.S. 86, 93, 61 S.Ct. 518, 85 L.Ed. 598, applying the broad language of the statutory provision in declining to restrict it to cases involving pecuniary or property loss to the United States, lends support to this view. Incidentally this simpler and more direct interpretation of the statutory intent will eliminate the basis for such purely technical objections as the one advanced by the defendant here. Accordingly we overrule the defendant's first assignment of error.

■ **Second.** Citing United States v. Provoo, 2 Cir., 215 F.2d 531, defendant also contends that questions asked by the prosecutor concerning his illicit relations with *Carol Anderson* were immaterial and intended only to prejudice the jury against him. We all think the Provoo case inapposite. There, although the defendant had not put his character in issue, the prosecutor, on cross-examination, asked him questions concerning his homosexuality. We reversed, holding the questions irrelevant and highly prejudicial. But here the defendant did put his character in issue. He testified, on direct, that he had lied to the revenue agent with the high purpose of protecting the feelings of third persons, rather than with the intent to mislead. During the direct examination of the defendant,. when his counsel began this line of inquiry, the prosecutor warned that, if such testimony were given, he would be forced, on cross-examination, to pursue the sub-

ject. The judge then stated: "The door is open and everybody can walk right in." Defendant's counsel commented: "That is right. Yes, I want the jury to hear the whole story." We think that the prosecuting attorney's questions concerning defendant's relations with Carol Anderson were relevant, and that the defendant waived any right to object that the questions were improperly prejudicial.

Affirmed.

FRANK, Circuit Judge (concurring).

I concur in the result and in all that my colleagues say except that I disagree concerning the interpretation of the statute. I think that Rolland v. U. S., 5 Cir., 200 F.2d 678, and Freidus v. U. S., 96 U.S. App.D.C. 133, 223 F.2d 598, correctly hold that the second clause of Section 1001 requires proof of the materiality of the false statements.[1]

However, I think the allegations of the indictment sufficient, and that they satisfied the requirements of Federal Rule of Criminal Procedure 7(c). In statutory terms, the indictment alleged that the false statements were made "in a matter within the jurisdiction of a department of the United States." If the statute, correctly interpreted, makes materiality an essential part of the crime, then the statute, although not expressly referring thereto, nevertheless, by implication, imports the element of materiality. Accordingly, the indictment, using the very words of the statute, necessarily by implication imports an allegation that the false statements were material. To put it differently, if the statute, without mentioning materiality, implies that element, then so does the indictment; the shorthand expression sufficient in the one is equally sufficient in the other. Consequently to dismiss the indictment merely because it omitted the word "material" would be irrational and contrary to modern pleading practice.[2]

---

1. It will be noted that both parts of the section, are prefaced by the clause "within the jurisdiction of any department or agency of the United States."

2. To the extent that Rolland v. U. S., 5 Cir., 200 F.2d 678 is contra, I disagree with it.