Beno R. BURRELL, Appellant,

v.

UNITED STATES, Appellee.

No. 4625.

District of Columbia Court of Appeals.

Argued Dec. 17, 1968.

Decided May 7, 1969.

William J. Garber, Washington, D. C., for appellant.

Sandor Frankel, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before MYERS, KELLY and GALLA-GHER, Associate Judges.

MYERS, Associate Judge:

After being arrested for driving in the District of Columbia without an operator's

permit, appellant was driven by a police officer to a precinct station in his own automobile. As he alighted, the arresting officer observed on the front armrest a plastic capsule containing a white powder which appeared to be heroin. The capsule was seized and appellant was immediately advised that he was charged with possession of narcotics. He was escorted into the station to be processed. Search disclosed a notebook on his person containing numbers slips. The arresting officer returned to appellant's parked automobile. When he opened the door on the passenger side where appellant had been seated during the ride to the police station, a pistol fell out. Further search of the car uncovered a set of metal knuckles under the front seat.

Prior to trial in the District of Columbia Court of General Sessions on the charges of operating a motor vehicle without a permit in violation of the Traffic and Motor Vehicle Regulations of the District of Columbia, possession of a prohibited weapon (metal knuckles),[1] and possession of numbers slips,[2] appellant moved to suppress the evidence found upon his person and in his automobile on the ground of an alleged illegal search and seizure. His motion was denied and he was convicted on all three counts. He has appealed only from the judgments of conviction of the last two offenses.[3]

On December 13, 1967, indictments were filed against appellant in the United States District Court for the District of Columbia for violation of the Federal Narcotics Law[4] and for carrying a pistol without a license.[5] On January 18, 1968, he moved the District Court to suppress, based upon the same factual circumstances forming the basis of the motion to suppress presented before the trial in the Court of General Sessions in December 1967. The District

Court was not apprised of the denial of the motion to suppress in the action in the Court of General Sessions. On February 26, 1968, the District Court granted the motion and the case was dismissed on March 27, 1968. No appeal was taken by the Government from this judgment of dismissal.

Appellant now contends on appeal that the decision of the District Court is controlling and it was error on the part of the Court of General Sessions to deny the motion to suppress the evidence in this case; or, in any event, and independent of any determination in the United States District Court, the searches and seizures of evidence from the person of appellant and from his automobile were, under the facts presented, unlawful and the evidence obtained thereby should not have been admitted in appellant's trial in the Court of General Sessions. We find no merit to either contention.

■ Appellant seeks to demonstrate the binding effect of the District Court order by characterizing that court as "superior" and the Court of General Sessions as "inferior," seemingly implying that the decision of the District Court is "superior" to that of the Court of General Sessions. The terms "superior" and "inferior," when applied to judicial administration, are used solely to refer to the jurisdiction of one court to review decisions of another court. 21 C.J.S. Courts § 7 (1940). Such is not the case here. The Court of General Sessions and the Federal District Court in the District of Columbia exercise concurrent jurisdiction over certain matters of a criminal nature. D.C.Code, 1967, §§ 11–521 and 11–963. Neither possesses appellate jurisdiction over the other.

■ Furthermore, this is not a situation requiring the application of the

---

1. D.C.Code, 1967, § 22–3214.

2. D.C.Code, 1967, § 22–1502.

3. Appellant raises no question as to the validity of his arrest and conviction for

driving without a license, for which he received a suspended sentence.

4. 26 U.S.C. § 4704(a); 21 U.S.C. § 174.

5. D.C.Code, 1967, § 22–3204.

doctrines of res judicata or collateral estoppel. These doctrines are designed to prevent the relitigation of the same issue in a subsequent suit between the same parties or their privies. Laughlin v. United States, 120 U.S.App.D.C. 93, 344 F.2d 187 (1965); Randolph v. District of Columbia, D.C.Mun.App., 156 A.2d 686 (1959). The question of illegal search and seizure had already been fully adjudicated in the Court of General Sessions and appellant convicted before the was indicted in the District Court. While we recognize that res judicata or collateral estoppel may be applied to criminal cases[6] and that the sequence of time between the two suits is not a *sine qua non* to the availability of these doctrines as a defense,[7] nevertheless, neither should be invoked where litigation on the particular issue has been completed and the purposes of the doctrines already fulfilled. Moreover, such rules must, at times, yield to paramount competing interests. Spilker v. Hankin, 88 U.S.App.D.C. 206, 188 F.2d 35 (1951). To apply either, under the circumstances of this case, would dilute the quality of finality in criminal proceedings, a quality which must suffer if a subsequent and wholly independent action can cause its reversal. Such an effect should be avoided.

We find no valid basis upon which to hold the order of the District Court binding upon the Court of General Sessions.[8]

■ Appellant was lawfully arrested for operating his car without a valid permit[9] and taken to the police station in his own vehicle. There is nothing in the record to suggest that he either protested or withheld his consent to the use of his automobile or that he was coerced in any way.

Thus, we conclude that there was no seizure of the car by the police until it had arrived at the police station, where the capsule was first observed and seized, and appellant charged with possession of narcotics.

■ The search of the car after appellant's narcotics arrest occurred within minutes of the time he was charged with that offense.[10] It was, therefore, substantially contemporaneous with that arrest in both time and place. A search incident to a lawful arrest is not unreasonable within the meaning of the Fourth Amendment as long as it is limited to a search for evidence of the crime for which the defendant was arrested and is not a general exploratory search. Price v. United States, 121 U.S. App.D.C. 62, 348 F.2d 68 (1965); Travers v. United States, D.C.Mun.App., 144 A.2d 889 (1958). The court does not require testimony on the processes of deduction actually employed by the officers making a search without a warrant,[11] but it is reasonable to assume the police search was aimed at evidence of narcotics possession. There is a presumption of regularity attending the actions of policemen.[12] That presumption was not overcome in the circumstances present here. Nor is the reasonable character of the search vitiated by the fact that what was seized was unrelated to the crime for which appellant was arrested or that the investigator was unaware of the presence of what was found when the search was made. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947).

■ Similarly, where officers have probable cause to arrest a defendant, the subsequent search of his person for evi-

6. Laughlin v. United States, 120 U.S.App. D.C. 93, 344 F.2d 187 (1965); United States v. Cowart, 118 F.Supp. 903 (D. D.C.1954).

7. Epstein v. Chatham Park, Inc., 2 Storey 56, 52 Del. 56, 153 A.2d 180 (1959).

8. *Compare* United States v. Fuller, 277 F.Supp. 97 (D.D.C.1967).

9. Mincy v. District of Columbia, D.C.App., 218 A.2d 507 (1966).

10. There is no contention upon the part of appellant that this arrest was not without probable cause.

11. Chappell v. United States, 119 U.S. App.D.C. 356, 342 F.2d 935 (1965).

12. *Ibid.*

dences of crime is valid as incident to a lawful arrest. Brown v. United States, 125 U.S.App.D.C. 43, 365 F.2d 976 (1966); Green v. United States, 104 U.S.App.D.C. 23, 259 F.2d 180 (1958), cert. denied, 359 U.S. 917, 79 S.Ct. 594, 3 L.Ed.2d 578 (1959). Here, the search of appellant's clothing pursuant to his arrest for possession of narcotics was reasonable.

Accordingly, we are of the opinion that, not being bound by the ruling of the District Court in granting the motion to suppress the evidence in the cases charging violations of the Federal Narcotics Law and for carrying a pistol without a license, the denial of the motion to suppress in the cases in the Court of General Sessions charging possession of a prohibited weapon and possession of numbers slips was proper. We also find that the record contains ample evidence to support appellant's convictions in the trial court for these offenses.

Affirmed.