**UNITED STATES of America,**

v.

**Ruben Dario ROGERS, Defendant.**

**No. 95 Cr. 180(LAK).**

United States District Court, S.D. New York.

Dec. 29, 1995.

Evan T. Barr, Assistant United States Attorney, Mary Jo White, United States Attorney, for U.S.

Michael M. Milner, Milner & Daniel, for Defendant.

**AMENDED MEMORANDUM OPINION**

KAPLAN, District Judge.

Defendant was convicted in a bench trial of one count each of procuring and attempting

---

to procure naturalization contrary to law (in violation of 18 U.S.C. § 1425(a)) and of making false statements in a matter relating to naturalization and citizenship (in violation of 18 U.S.C. § 1015(a)). He now moves pursuant to FED.R.CRIM.P. 29 for judgment of acquittal. The Court writes briefly to address one point raised by the motion.

Defendant moved to dismiss count 2, the Section 1425(a) count, before trial on the ground that the indictment failed to allege materiality and sought dismissal of the Section 1015(a) at trial on the ground that the government failed to prove materiality. The Court ruled before trial that materiality is not an element of the Section 1425(a) offense. *United States v. Rogers,* 898 F.Supp. 219 (S.D.N.Y.1995). It made a similar ruling at trial with respect to Section 1015(a). At the conclusion of the trial, however, the Court made a special finding that the omitted information, which pertained to defendant's criminal record, was material on both counts, even applying the standard of materiality proposed by the defendant.

In holding that materiality is not an element of the offense under Section 1425(a), the Court relied in part on the reasoning of *United States v. Silver,* 235 F.2d 375 (2d Cir.), *cert. denied,* 352 U.S. 880, 77 S.Ct. 102, 1 L.Ed.2d 80 (1956), where the Circuit held that materiality is not an element of the offense under 18 U.S.C. § 1001. This Court was persuaded by the same factors articulated in *Silver*—Congress' failure to enact an express requirement of materiality in the statute and the fact that it quite reasonably could have concluded that even an immaterial omission or false statement should be punished because it could "obstruct, delay, or deflect an inquiry ..." *Rogers,* 898 F.Supp. at 220–21 (quoting *Silver,* 235 F.2d at 377).

In *United States v. Gaudin,* —— U.S. ——, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), the Supreme Court confronted the question whether the issue of materiality in a Section 1001 case is for the court or the jury. As the government there conceded that materiality was an element of a Section 1001 case, the Court did not resolve the conflict between the Second Circuit, which held that it was not, and other circuits reaching the opposite

result. Nevertheless, after the trial of this case, the Second Circuit overruled its long-standing contrary precedents and held for the first time that materiality is an element under Section 1001. *United States v. Ali,* 68 F.3d 1468, 1474–75 (2d Cir.1995).

 This Court remains of the view that materiality is not an element of the offense under 18 U.S.C. §§ 1015(a) or 1425(a) for the reasons stated in *Rogers.* Neither *Gaudin* nor *Ali* controls the issue. In any case, however, the Court's special finding that the materiality standard advocated by the defendant was satisfied in this case would eliminate any basis for disturbing the convictions on this ground.

The Court has considered defendant's other arguments and found them all to be without merit. The motion for judgment of acquittal is denied.

SO ORDERED.